U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 2 1 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

Richard-Enrique; Ulloa
c/o postal department 771
Stone Ridge, New York republic

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COUNTY OF ULSTER, NEW YORK<br>THE TOWN OF LLOYD, NEW YORK,<br>TOWN OF ROSENDALE, NEW YORK,<br>TOWN OF ULSTER, NEW YORK<br>DARRELL DAY, EUGENE J. RIZZO,<br>DANIEL M. MARTUSCELLO,<br>HEATHER BLUME, ANTHONY<br>KALIMERAS, KATHLEEN BURNS<br>JEFF COHEN, DAVID M. ACKERT,<br>AMY SHUMAN, ROBERT VOSPER,<br>JOSHUA CALIENDO, BEATRICE<br>HAVRANEK, EILEEN B. KATASKY<br>NINA POSUPACK, NEREIDA VEYTIA<br><br>Plaintiffs,<br><br>-against-<br><br>RICHARD ENRIQUE ULLOA, SARA<br>ULLOA, JEFFREY-CHARLES<br>BURFEINDT, ED-GEORGE<br>PARENTEAU, RAYMOND<br>TOMKINS, KATHERINE A. CAIRO<br>DAVIS, KATHY STEINHILBER,<br><br>Defendants | CASE # 1:10-CV-00467<br>TJM/DRH<br><br><br><br><br><br><br><br><br>MOTION TO DISMISS |

**MOTION TO DISMISS**

Comes now Richard-Enrique; Ulloa, by special visitation and not appearing generally, before this court seeking a remedy, by "The Saving to the Suitors Clause" at USC 28 -1333(1). I respectfully request the indulgence of this court as I am not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519

I submit this Motion to Dismiss in order to dismiss the complaint due to lack of personal jurisdiction and subject matter jurisdiction.

First and foremost, I must address the paper filed as an answer by JUDGE HOMER. It was never my intent and I am addressing in a Motion to Strike, to file the Statement of Issues document as an answer to this complaint, it was never my intention.

## STANDING AND JURISDICTION

Plaintiff's attorney was provided a letter dated June 13, 2010, which was faxed, Priority Mailed and emailed, in which I requested proof that plaintiff's attorney had valid proof that he in fact was asked to represented the Plaintiff's and plaintiff's attorney was given until Friday June 18, 2010 to provide this information, so that this Motion would not be needed, and an answer could be given instead, to date Plaintiff's attorney failed to provide this information, so the Motion to Dismiss became necessary. (see Affidavit of Fact in Support for Motion to Dismiss for documentation), and

Plaintiff's and Plaintiff's attorney have failed to bring forth an injured party, no Plaintiff has claimed that a violation of his or her rights have been violated, or come forth with any affidavit of an injury and without an injured party the Plaintiff's have no standing, and

As in Supreme Court case Lujan v. Defenders, 504 U.S. 555 (1992), It has been established that the irreducible constitutional minimum of standing contains three elements: **First**, the plaintiff must have suffered an "injury in fact", an invasion of the

legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not conjectural or hypothetical," **Second**:, there must be a casual connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. **Third**: it must be likely, as opposed to merely "speculative", that the injury will be "redressed by a favorable decision." …Plaintiff's have failed to show, First: that they have suffered an "injury in fact" of a legally protected interest, Second: that if an injury was suffered, that it was fairly traceable to the challenged action of the defendant and not the result of a third party (credit bureau), and Third: that the injury will likely be "redressed by a favorable decision", which is unlikely since the third parties (credit bureau) is not part of this action. The plaintiffs DO NOT meet the constitutional minimum three elements of standing.

Plaintiff's attorney JOHN W. BAILEY lacks standing to file this complaint, since no evidence was filed from ANY of the Plaintiff's that he was provided Power of Attorney or any Declarations, Affidavit's, signed by the plaintiff's that authorized them as Employee's of the corresponding corporations, or as Officers of their corresponding corporations to bring suit upon anyone, and

Plaintiff's attorney JOHN W. BAILEY lacks standing to file this complaint, since no evidence was filed from the fictions, COUNTY OF ULSTER et al, TOWN OF ULSTER, et al, TOWN OF ROSENDALE et al, TOWN OF LLOYD et al, that he was given any authority to sue, that the action is permitted by their respective Charters, or by a Resolution taken by their respective Board's or any Declarations, Affidavit's that authorized them as Officers of the Corporation to bring suit upon anyone, and

The plaintiffs did not authorize the under signed attorney to proceed on their behalf and the attorney is not a party to the suit; and

For those parties listed as juristic entities (artificial persona) there is no proof that the parties are authorized to bring suit so the court lacks in personam jurisdiction for those parties; and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff DARRELL DAY in his/her capacity as a security guard for the private corporation, TOWN OF LLOYD et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff EUGENE J. RIZZO in his/her capacity as a corporate officer for the private corporation, TOWN OF LLOYD et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff DANIEL M. MARTUSCELLO in his/her capacity as An assistant for the private corporation, COUNTY OF ULSTER et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, or by his/her Superior, or by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff HEATHER BLUME in his/her capacity as a clerk for the private corporation, TOWN OF LLOYD et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff ANTONY KALIMERAS in his/her capacity as a security guard for the private corporation, TOWN OF LLOYD et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff KATHLEEN BURNS in his/her capacity as a security guard for the private corporation, TOWN OF LLOYD et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff JEFF COHEN in his/her capacity as a security guard for the private corporation, TOWN OF LLOYD et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff DAVID M. ACKERT in his/her capacity as a chief security guard for the private corporation, TOWN OF LLOYD et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff AMY SHUMAN in his/her capacity as a clerk for the private corporation, TOWN OF LLOYD et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff ROBERT VOSPER in his/her capacity as a corporate officer [JUDGE] for the private corporation, TOWN OF ROSENDALE et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff JOSHUA CALIENDO in his/her capacity as a security guard for the private corporation, TOWN OF ROSENDALE et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff BEATRICE HAVRANEK in his/her capacity as a County Attorney for the private corporation, COUNTY OF ULSTER et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff EILEEN B. KATATSKY in his/her capacity as a previous employee for the private corporation, COUNTY OF ULSTER et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff NINA POSTUPACK in his/her capacity as a clerk for the private corporation, COUNTY OF ULSTER et al, has the authority, or was delegated the authority to file a suit against

anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

There is no proof, in the complaint or by affidavit or anywhere, that Plaintiff NEREIDA VEYTIA in his/her capacity as an employee for the private corporation, COUNTY OF ULSTER et al, has the authority, or was delegated the authority to file a suit against anyone, or that he/she has been delegated by the Corporate Board, i.e. Town Board, by a resolution or delegation to bring suit against the defendant, and

## **STATE ISSUES AND NOT A FEDERAL ISSUE**

Plaintiffs' claims are largely related to challenging commercial liens (under the guise, pretext, sham and subterfuge of a civil RICO action), an area of law preempted by state law in that it is well settled that state law establishes the property interest of parties subject to commercial liens; and

The liens that I issued were issued under International Commerce under 28 U.S.C. §1333, §1337, and filed under the International Uniform Commercial Code, and are covered by 28 U.S.C. §1581, §1582, §1583, §1584 and §1585, Chapter 95 under the Court of International Trade, since the TOWNS and STATES are under the UNITED STATES corporation, it seems to me that if any counter-claims are filed they should be under the International Trade Court, and

The fact of the liens is a matter of state law and not subject to intervention by federal courts (courts of limited jurisdiction) and thus the court lacks subject matter jurisdiction; and

## ENTRY OF APPEARANCE REQUIRED

Plaintiff's attorney JOHN W. BAILEY's filings never had a filing of Appearance as REQUIRED by Title 26 App Title III Rule 24 before the filing of a complaint, and

Plaintiff's attorney JOHN W. BAILEY's filings are obviously effected by Federal Rules of Civil Procedure 12(f) as redundant, immaterial, impertinent, or scandalous, see Memorandum of Law in Support Defendant's Motion to Dismiss, and Affidavit of Truth in Support for Motion to Dismiss, and

Since the Plaintiff's attorney has failed to prove and provide this court personal jurisdiction, and standing, and have failed to state a claim which relief can be granted, there is no controversy before this court and I move to have this matter dismissed with prejudice based on Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)

I pray to our Heavenly Father and not this court that justice be done.

_____
Richard-Enrique; Ulloa

Date: June 18, 2010

State of New York }
                  ss
county of Ulster }

On the 18th day of June in the year 2010 before me, the undersigned, a Notary Public in and for said State, personally appeared Richard-Enrique; Ulloa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signatures(s) on the Instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature _____ (seal)

JUDITH S. MAYHON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MA6096585
QUALIFIED IN ULSTER COUNTY
COMMISSION EXPIRES JULY 14, 20__11

# LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. *Tampering with a witness, victim, or an informant.* The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law," which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

## Proof and Evidence of Service

*I*, Richard-Enrique; Ulloa: *declare that I served by filing one copy of the "MOTION TO DISMISS" by* "hand-delivered by private carrier-service on "USDC of Northern NY" sent by post-office-first class-mail AND OR CERTIFIED MAIL *to the following:*

| BAILEY, KELLEHER & JOHNSON, P.C | USDC OF NORTHERN NY |
|---|---|
| JOHN W. BAILEY | COURT CLERK |
| 5 PINE WEST PLAZA, SUITE 507 | 445 Broadway, Room 509 |
| ALBANY, NEW YORK 12205 | ALBANY, NEW YORK 12207 |
| First class mail | First class mail |

Richard-Enrique; Ulloa

June 18, 2010

## NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT