U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

Richard-Enrique; Ulloa
c/o postal department 771
Stone Ridge, New York republic

JUN 2 1 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF NEW YORK

COUNTY OF ULSTER, NEW YORK  )
THE TOWN OF LLOYD, NEW YORK, )
TOWN OF ROSENDALE,NEW YORK, )
TOWN OF ULSTER, NEW YORK )
DARRELL DAY, EUGENE J. RIZZO, )
DANIEL M. MARTUSCELLO, )
HEATHER BLUME, ANTHONY )
KALIMERAS, KATHLEEN BURNS )
JEFF COHEN, DAVID M. ACKERT, )
AMY SHUMAN, ROBERT VOSPER, )
JOSHUA CALIENDO, BEATRICE )
HAVRANEK, EILEEN B. KATASKY )
NINA POSUPACK, NEREIDA VEYTIA)
)
      Plaintiffs, )
)
    -against- )
)
)
RICHARD ENRIQUE ULLOA, SARA )
ULLOA, JEFFREY-CHARLES )
BURFEINDT, ED-GEORGE )
PARENTEAU, RAYMOND )
TOMKINS, KATHERINE A. CAIRO )
DAVIS, KATHY STEINHILBER, )
)
)
      Defendants )

CASE # 1:10-CV-00467
TJM/DRH

MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO
DISMISS

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

1
2
3
4

Comes now Richard-Enrique; Ulloa, by special visitation and not appearing generally, before this court seeking a remedy, by "The Saving to the Suitors Clause" at USC 28 -1333(1). I respectfully request the indulgence of this court as I am not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519

5
6
7
8
9
10

The following rules are in support of the Motion to Dismiss the complaint for lack of personal, standing and subject matter jurisdiction, the Plaintiff's attorney has failed to bring forth and injured party, and none of the plaintiff's have stated that I have injured them, thru declarations or affidavits of truth, or a verified complaint signed by the injured party.

11
12

TITLE 26 App. > TITLE III. > Rule 24

13

## Rule 24. Appearance and Representation

14

**(a) Appearance:**
(b)

15
16
17

**(1) General:** Counsel may enter an appearance either by subscribing the petition or other initial pleading or document in accordance with subparagraph (2) hereof, or thereafter by filing an entry of appearance in accordance with subparagraph (3) hereof or, in a case not calendared for trial or hearing, a substitution of counsel in accordance with paragraph (d) hereof.

18
19
20
21
22

**(2) Appearance in Initial Pleading:** If
**(A)** the petition or other paper initiating the participation of a party in a case is subscribed by counsel admitted to practice before the Court, and
**(B)** such initial paper contains the mailing address and Tax Court bar number of counsel and other information required for entry of appearance (see subparagraph (3)), then
**(C)** that counsel shall be recognized as representing that party and no separate entry of appearance shall be necessary. Thereafter counsel shall be required to notify the Clerk of any changes in applicable information to the same extent as if counsel had filed a separate entry of appearance.

23
24
25
26
27

**(3) Subsequent Appearance:** Where counsel has not previously appeared, counsel shall file an entry of appearance in duplicate, signed by counsel individually, containing the name and docket number of the case, the name, mailing address, telephone number, and Tax Court bar number of counsel so appearing, and a statement that counsel is admitted to practice before the Court. A separate entry of appearance, in duplicate, shall be filed for each additional docket number in which counsel shall appear. The entry of appearance shall be substantially in the form set forth in Appendix I. The

28

1   Clerk shall be given prompt written notice, filed in duplicate for each docket number, of any change in the foregoing information.

2   **(4) Counsel Not Admitted to Practice:** No entry of appearance by counsel not admitted to practice before this Court will be effective until counsel shall have been

3   admitted, but counsel may be recognized as counsel in a pending case to the extent permitted by the Court and then only where it appears that counsel can and will be

4   promptly admitted. For the procedure for admission to practice before the Court, see Rule 200.

5   **(b) Personal Representation Without Counsel:** In the absence of appearance by counsel, a party will be deemed to appear on the party's own behalf. An individual party

6   may represent himself or herself. A corporation or an unincorporated association may be represented by an authorized officer of the corporation or by an authorized member of

7   the association. An estate or trust may be represented by a fiduciary thereof. Any such person shall state, in the initial pleading or other paper filed by or for the party, such

8   person's name, address, and telephone number, and thereafter shall promptly notify the Clerk in writing, in duplicate for each docket number involving that party, of any change

9   in that information.

   **(c) Withdrawal of Counsel:** Counsel of record desiring to withdraw such counsel's

10  appearance, or any party desiring to withdraw the appearance of counsel of record for such party, must file a motion with the Court requesting leave therefor, showing that

11  prior notice of the motion has been given by such counsel to such counsel's client, or such party's counsel, as the case may be, and to each of the other parties to the case or

12  their counsel, and stating whether there is any objection to the motion. A motion to withdraw as counsel and a motion to withdraw counsel shall each also state the then-

13  current mailing address and telephone number of the party in respect of whom or by whom the motion is filed. The Court may, in its discretion, deny such motion.

14  **(d) Substitution of Counsel:** In a case not calendared for trial or hearing, counsel of record for a party may withdraw such counsel's appearance, and counsel who has not

15  previously appeared may enter an appearance, by filing a substitution of counsel, showing that prior notice of the substitution has been given by counsel of record to such

16  counsel's client, and to each of the other parties to the case or their counsel, and that there is no objection to the substitution. The substitution of counsel shall be signed by

17  counsel of record and substituted counsel individually, and shall contain the information required by subparagraph (3) of paragraph (a). The substitution of counsel shall be

18  substantially in the form set forth in Appendix I. Thereafter substituted counsel shall be required to notify the Clerk of any changes in applicable information to the same extent

19  as if such counsel had filed a separate entry of appearance.

   **(e) Death of Counsel:** If counsel of record dies, the Court shall be so notified, and

20  other counsel may enter an appearance in accordance with this Rule.

   **(f) Change in Party or Authorized Representative or Fiduciary:** Where (1) a

21  party other than an individual participates in a case through an authorized representative (such as an officer of a corporation or a member of an association) or

22  through a fiduciary, and there is a change in such representative or fiduciary, or (2) there is a substitution of parties in a pending case, counsel subscribing the motion

23  resulting in the Court's approval of the change or substitution shall thereafter be deemed first counsel of record for the representative, fiduciary, or party.

24  **(g) Conflict of Interest:** If any counsel of record (1) was involved in planning or promoting a transaction or operating an entity that is connected to any issue in a case,

25  (2) represents more than one person with differing interests with respect to any issue in a case, or (3) is a potential witness in a case, then such counsel must either secure the

26  informed consent of the client (but only as to items (1) and (2)); withdraw from the case; or take whatever other steps are necessary to obviate a conflict of interest or

27  other violation of the ABA Model Rules of Professional Conduct, and particularly Rules

28

1  1.7, 1.8, and 3.7 thereof. The Court may inquire into the circumstances of counsel's
   employment in order to deter such violations. See Rule 201.

2

3

4  **Rule 12.** *Defenses and Objections: When and How Presented; Motion*

*for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses;*

5  *Pretrial Hearing*

6

7      (a) Time to Serve a Responsive Pleading.

8      **(1) In General.**

9      Unless another time is specified by this rule or a federal statute, the time for
       serving a responsive pleading is as follows:

10

11         (A) A defendant must serve an answer:

12             (i) within 21 days after being served with the summons and complaint;
               or

13             (ii) if it has timely waived service under Rule 4(d), within 60 days after
14             the request for a waiver was sent, or within 90 days after it was sent to
               the defendant outside any judicial district of the United States.

15         (B) A party must serve an answer to a counterclaim or crossclaim within 21
           days after being served with the pleading that states the counterclaim or
16         crossclaim.

17         (C) A party must serve a reply to an answer within 21 days after being
           served with an order to reply, unless the order specifies a different time.

18      **(2) United States and Its Agencies, Officers, or Employees Sued in an
        Official Capacity.**

19      The United States, a United States agency, or a United States officer or
20      employee sued only in an official capacity must serve an answer to a
        complaint, counterclaim, or crossclaim within 60 days after service on the
21      United States attorney.

22      **(3) United States Officers or Employees Sued in an Individual
        Capacity.**

23      A United States officer or employee sued in an individual capacity for an act or
24      omission occurring in connection with duties performed on the United
        States' behalf must serve an answer to a complaint, counterclaim, or
25      crossclaim within 60 days after service on the officer or employee or service
        on the United States attorney, whichever is later.

26      **(4) Effect of a Motion.**

27

28

1

Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

2

3

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the courts action; or

4

5

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

6

7

### (b) How to Present Defenses.

8

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

9

10

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

11

(3) improper venue;

12

(4) insufficient process;

13

(5) insufficient service of process;

14

(6) failure to state a claim upon which relief can be granted; and

15

(7) failure to join a party under Rule 19.

16

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

17

18

19

### (c) Motion for Judgment on the Pleadings.

20

After the pleadings are closed â€" but early enough not to delay trial â€" a party may move for judgment on the pleadings.

21

22

### (d) Result of Presenting Matters Outside the Pleadings.

23

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

24

25

26

27

28

1

### (e) Motion For a More Definite Statement.

2

3

4

5

6

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

7

### (f) Motion To Strike.

8

9

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

10

(1) on its own; or

11

12

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

13

### (g) Joining Motions.

14

**(1) Right to Join.**

15

A motion under this rule may be joined with any other motion allowed by this rule.

16

**(2) Limitation on Further Motions.**

17

18

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

19

20

### (h) Waiving and Preserving Certain Defenses.

21

**(1) When Some Are Waived.**

22

A party waives any defense listed in Rule 12(b)(2)-(5) by:

23

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

24

(B) failing to either:

25

(i) make it by motion under this rule; or

26

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

27

**(2) When to Raise Others.**

28

1

Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

2

(A) in any pleading allowed or ordered under Rule 7(a);

3

(B) by a motion under Rule 12(c); or

4

(C) at trial.

5

**(3) Lack of Subject-Matter Jurisdiction.**

6

If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

7

8

(i) Hearing Before Trial.

9

If a party so moves, any defense listed in Rule 12(b)(1)-(7) â€" whether made in a pleading or by motion â€" and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

10

11

12

**Rule 12.** *Defenses and Objections: When and How Presented; Motion*

13

*for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses;*

14

*Pretrial Hearing*

15

16

(a) Time to Serve a Responsive Pleading.

17

**(1) In General.**

18

Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

19

(A) A defendant must serve an answer:

20

(i) within 21 days after being served with the summons and complaint; or

21

22

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

23

24

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

25

26

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

27

28

**(2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.**

The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

**(3) United States Officers or Employees Sued in an Individual Capacity.**

A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

**(4) Effect of a Motion.**

Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) How to Present Defenses.

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

### (c) Motion for Judgment on the Pleadings.

After the pleadings are closed â€" but early enough not to delay trial â€" a party may move for judgment on the pleadings.

### (d) Result of Presenting Matters Outside the Pleadings.

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

### (e) Motion For a More Definite Statement.

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

### (f) Motion To Strike.

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

### (g) Joining Motions.

**(1) Right to Join.**

A motion under this rule may be joined with any other motion allowed by this rule.

**(2) Limitation on Further Motions.**

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) Waiving and Preserving Certain Defenses.

**(1) When Some Are Waived.**

A party waives any defense listed in Rule 12(b)(2)-(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

**(2) When to Raise Others.**

Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);

(B) by a motion under Rule 12(c); or

(C) at trial.

**(3) Lack of Subject-Matter Jurisdiction.**

If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) Hearing Before Trial.

If a party so moves, any defense listed in Rule 12(b)(1)-(7) â€" whether made in a pleading or by motion â€" and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

**In LUJAN v . DEFENDERS OF WILDLIFE , 504 U.S . 555 (1992)**

*Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements: First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally-protected interest which is (a) concrete and particularized, see id., at 756; Warth v. Seldin, 422 U.S. 490, 508 (1975); Sierra Club v. Morton, 405 U.S. 727, 740-741, n. 16 (1972);\*fn1 and (b) "actual or imminent, not*

1  *'conjectural' or 'hypothetical,'" Whitmore, supra, at 155 (quoting Los Angeles v. Lyons,*

2  *461 U.S. 95, 102 (1983)). Second, there must be a causal connection between the injury*

3  *and the conduct complained of -- the injury has to be "fairly . . . traceable to the*

4  *challenged action of the defendant, and not . . . the result [of] the independent action of*

5  *some third party not before the court." Simon v. Eastern Kentucky Welfare Rights Org.,*

6  *426 U.S. 26, 41-42 (1976). Third, it must be "likely," as opposed to merely "speculative,"*

7  *that the injury will be "redressed by a favorable decision." Id., at 38, 43.*

8

9  *For that reason, "abstract injury is not enough. It must be alleged that the plaintiff*

10  *'has sustained or is immediately in danger of sustaining some direct injury' as the*

    *result of the challenged statute or official conduct. . . . The injury or threat of injury*

11  *must be both 'real and immediate,' not 'conjectural,' or 'hypothetical.'" O'Shea v.*

12  *Littleton, 414 U.S. 488, 494 (1974) (quoting Golden v. Zwickler, 394 U.S. 103, 109-*

13  *110 (1969)).*

14

15  **United States Code for Admiralty  and Court of International Claim**

16  TITLE 28 > PART IV > CHAPTER 95

17

18  ## CHAPTER 95—COURT OF INTERNATIONAL TRADE

19

20  - § 1581. Civil actions against the United States and agencies
21    and officers thereof

22  - § 1582. Civil actions commenced by the United States

23

24  - § 1583. Counterclaims, cross-claims, and third-party actions

25  - § 1584. Civil actions under the North American Free Trade
26    Agreement or the United States-Canada Free-Trade
27    Agreement

28

- § 1585. Powers in law and equity

TITLE 28 > PART IV > CHAPTER 95 > § 1581

## § 1581. Civil actions against the United States and agencies and officers thereof

**(a)** The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

**(b)** The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516 of the Tariff Act of 1930.

**(c)** The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930.

**(d)** The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review—

**(1)** any final determination of the Secretary of Labor under section 223 of the Trade Act of 1974 with respect to the eligibility of workers for adjustment assistance under such Act;

**(2)** any final determination of the Secretary of Commerce under section 251 of the Trade Act of 1974 with respect to the eligibility of a firm for adjustment assistance under such Act; and

**(3)** any final determination of the Secretary of Commerce under section 271 of the Trade Act of 1974 with respect to the eligibility of a community for adjustment assistance under such Act.

**(e)** The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review any final determination of the Secretary of the Treasury under section 305(b)(1) of the Trade Agreements Act of 1979.

**(f)** The Court of International Trade shall have exclusive jurisdiction of any civil action involving an application for an order directing the administering authority or the International Trade Commission to make confidential information available under section 777(c)(2) of the Tariff Act of 1930.

**(g)** The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review—

**(1)** any decision of the Secretary of the Treasury to deny a customs broker's license under section 641(b)(2) or (3) of the Tariff Act of 1930, or to deny a customs broker's permit under section 641(c)(1) of such Act, or to revoke a license or permit under section 641(b)(5) or (c)(2) of such Act;

**(2)** any decision of the Secretary of the Treasury to revoke or suspend a customs broker's license or permit, or impose a monetary penalty in lieu thereof, under section 641(d)(2)(B) of the Tariff Act of 1930; and

**(3)** any decision or order of the Customs Service to deny, suspend, or revoke accreditation of a private laboratory under section 499(b) of the Tariff Act of 1930.

**(h)** The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar

matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 or by a binational panel under article 1904 of the North American Free Trade Agreement or the United States-Canada Free-Trade Agreement and section 516A(g) of the Tariff Act of 1930.

(j) The Court of International Trade shall not have jurisdiction of any civil action arising under section 305 of the Tariff Act of 1930.

TITLE 28 > PART IV > CHAPTER 95 > § 1582

## § 1582. Civil actions commenced by the United States

The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States—

  **(1)** to recover a civil penalty under section 592, 593A, 641(b)(6), 641(d)(2)(A), 704(i)(2), or 734(i)(2) of the Tariff Act of 1930;

  **(2)** to recover upon a bond relating to the importation of merchandise required by the laws of the United States or by the Secretary of the Treasury; or

  **(3)** to recover customs duties.

TITLE 28 > PART IV > CHAPTER 95 > § 1583

## § 1583. Counterclaims, cross-claims, and third-party actions

In any civil action in the Court of International Trade, the court shall have exclusive jurisdiction to render judgment upon any counterclaim, cross-claim, or third-party action of any party, if

  **(1)** such claim or action involves the imported merchandise that is the subject matter of such civil action, or

  **(2)** such claim or action is to recover upon a bond or customs duties relating to such merchandise.

TITLE 28 > PART IV > CHAPTER 95 > § 1584

## § 1584. Civil actions under the North American Free Trade Agreement or the United States-Canada Free-Trade Agreement

The United States Court of International Trade shall have exclusive jurisdiction of any civil action which arises under section 777(f) of the Tariff Act of 1930 and is commenced by the United States to enforce administrative sanctions levied for violation of a protective order or an undertaking.

TITLE 28 > PART IV > CHAPTER 95 > § 1585

## § 1585. Powers in law and equity

The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States

TITLE 28 > PART IV > CHAPTER 85 > § 1337

## § 1337. Commerce and antitrust regulations; amount in controversy, costs

**(a)** The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and

commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

**(b)** Except when express provision therefor is otherwise made in a statute of the United States, where a plaintiff who files the case under section 11706 or 14706 of title 49, originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of any interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

**(c)** The district courts shall not have jurisdiction under this section of any matter within the exclusive jurisdiction of the Court of International Trade under chapter 95 of this title.

TITLE 28 > PART IV > CHAPTER 85 > § 1333

# § 1333. Admiralty, maritime and prize cases

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

**(1)** Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

**(2)** Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

I pray to the Almighty Father and not to this court that justice be done.

**<u>ALL RIGHTS RESERVED TO AMEND WITHOUT LEAVE OF COURT</u>**



Richard-Enrique; Ulloa

Date: June 18, 2010

**Proof and Evidence of Service**

*I*, Richard-Enrique; Ulloa: *declare that I served by filing one copy of the "MEMORANDUM OF LAW"* by *"*hand-delivered by private carrier-service on "USDC of Northern New York" sent by post-office-first class-mail AND OR CERTIFIED MAIL *to the following:*

| BAILEY, KELLEHER & JOHNSON, P.C | USDC OF NORTHERN NY |
|---|---|
| JOHN W. BAILEY | COURT CLERK |
| 5 PINE WEST PLAZA, SUITE 507 | 445 Broadway, Room 509 |
| ALBANY, NEW YORK 12205 | ALBANY, NEW YORK 12207 |
| First class mail | First class mail |



Richard-Enrique; Ulloa
June 18, 2010

## NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT