Richard-Enrique; Ulloa
c/o postal department 771
Stone Ridge, New York republic

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 2 1 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COUNTY OF ULSTER, NEW YORK<br>THE TOWN OF LLOYD, NEW YORK,<br>TOWN OF ROSENDALE, NEW YORK,<br>TOWN OF ULSTER, NEW YORK<br>DARRELL DAY, EUGENE J. RIZZO,<br>DANIEL M. MARTUSCELLO,<br>HEATHER BLUME, ANTHONY<br>KALIMERAS, KATHLEEN BURNS<br>JEFF COHEN, DAVID M. ACKERT,<br>AMY SHUMAN, ROBERT VOSPER,<br>JOSHUA CALIENDO, BEATRICE<br>HAVRANEK, EILEEN B. KATASKY<br>NINA POSUPACK, NEREIDA VEYTIA<br><br>Plaintiffs,<br><br>-against-<br><br>RICHARD ENRIQUE ULLOA, SARA<br>ULLOA, JEFFREY-CHARLES<br>BURFEINDT, ED-GEORGE<br>PARENTEAU, RAYMOND<br>TOMKINS, KATERINE A. CAIRO<br>DAVIS, KATHY STEINHILBER,<br><br>Defendants | CASE # 1:10-CV-00467<br>TJM/DRH<br><br><br><br><br><br><br><br><br>OBJECTION TO JUDGES ORDER<br>TO EXTEND THE TIME FOR<br>GENERAL ORDER # 14 |

**OBJECTION TO JUDGES ORDER TO EXTEND THE TIME FOR GENERAL ORDER NUMBER 14**

Comes now Richard-Enrique; Ulloa, by special visitation and not appearing generally, before this court seeking a remedy, by "The Saving to the Suitors Clause" at USC 28 -1333(1). I respectfully request the indulgence of this court as I am not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519

---

I submit my Objection to the fact that JUDGE DAVID R. HOMER, took it upon himself to issue an ORDER without submitting his own ORDER or paperwork, and not following the Federal Rules of Civil Procedure Rule 58, and accepting a request for a "motion like", which did not follow Federal Rules of Civil Procedure 7, and then NOT serving it to ALL Defendants.

I submit my Objection to the fact that JUDGE DAVID R. HOMER, received the EX PARTE requested letter (EXHIBIT A), in the Affidavit of Truth in Support to this objection, as an EX PARTE communication, without the knowledge of ANY of the Defendant's. (Served or Not Served)

No Defendant, served or not served, received a copy of this EX PARTE letter (EXHIBIT A).

No Defendant, served or not served, received a copy of JUDGE DAVID R. HOMER's [ORDER], when he stamped So Ordered on the EX PARTE letter.

Rule 7, (see Memorandum of Law) of the Federal Rules of Civil Procedure, clearly states that a Motion, under 7(b.1) and 7(b.2), that a motion must be made in writing and in (b.2), that a motion must follow the rules governing captions and other matters of form in pleadings apply to *motions and other papers.* (Emphasis added).

The Plaintiff not only made an EX PARTE motion, but the Motion was not in proper form for as per Rule 7, and must be voided, under Rule 7, and Local Rule 10..

Rule 10, (see Memorandum of Law) of the Federal Rules of Civil Procedure, clearly states that pleadings must have a Caption, Names of Parties, it is obvious by looking at (Exhibit A under the Affidavit of Facts) is that this Motion does not follow Rule 10 of the Federal Rules of Civil Procedure and must be denied as improper and in improper form.

Rule 58, (see Memorandum of Law) of the Federal Rules of Civil Procedure, clearly states that a judge, under 58(a), enter a "judgement or Order" on a separate document, but a separate document is not required if you are under Federal Rules of Civil Procedure Rule 50(b), Rule 52(b), Rule 54, Rule 59 or Rule 60, which the Plaintiff did not stipulate. Therefore the Judge's Order is Void on its face.

By the Plaintiff submitting an EX PARTE motion to the court, it did not give the Defendants, served and not served, the opportunity to participate in the legal process, and this is a Constitution violation of the Constitution for The united States, mainly the due process clause.

By JUDGE HOMER, signing and approving the improper motion, and So Ordering on the letter's face, it violated the Federal Rules of Civil Procedure as described above.

The Plaintiff's Attorney, JOHN W. BAILEY and his law firm of Bailey, Kelleher & Johnson, P.C. should be sanctioned, and this Defendant reserves the right to file a Motion for Sanctions on this violation of due process at a later date, along with possible misdemeanor and or felony charges.

In addition JUDGE HOMER, by not sending a copy of the EX PARTE "improper motion", violated his cannons of ethics and must be reprimanded and a possible reviewed for possible misdemeanor or felony charges, for this hostile and improper act against the Defendant's.

General Order # 14, Civil RICO Statement 18 U.S.C. Section 1961, et seq. (see Memorandum of Law) filed on December 5, 2008, by LAWRENCE K. BAERMAN, CLERK, clearly states that "Within thirty (30) days after the filing date of the complaint, the plaintiff shall file a RICO case statement which shall set forth facts the plaintiff is relying upon to initiate the complaint. The facts set forth within the RICO statement shall be based upon an inquiry reasonable under the circumstances as set fort in Fed. R. Civ. P 11(b).

NOWHERE in this General Order # 14, does it allow, permit, any discretion of time limits to a Magistrate Judge.

NOWHERE in this General Order #14, does it state that it is the plaintiff's option that since his perception that individual service would not be done for "**some time**", that the Plaintiff has the option to request more time.

General Order #14, states "the plaintiff shall file", it does not say when they care to file, or when all parties are served, or that we are not ready so we need more time. It states SHALL, not WHENEVER.

If Plaintiff's attorney filed this claim, they should have had all their ducks in a row, and a RICO statement should have been prepared, and Plaintiff's should have known all the facts, in their own case.

This EX PARTE letter must be stricken from the record, since it was not filed in proper form, or with any case law or even quotation of Federal Rules of Civil Procedure as to how they can be granted such an extension.

The Plaintiff's are out of time, in filing a Motion to extend time for general Order #14, even if such a request was properly made (in Motion form), the Plaintiff's NEVER state any precedent as to how the Judge can grant this extension, and additionally they NEVER allowed the Defendant's proper time to respond since they NEVER sent the letter [they pretend called it a Motion] to all parties.

A Motion to Reconsider this letter and request a VOID ORDER, are part of this package. So this improper request and ruling be voided on its face.

I protest the letter "alleged motion" from plaintiff as it is a witch hunt, if they had any evidence they would have the General Order #14 statements prepared.

I pray to our Heavenly Father and not this court that justice be done.

_____
Richard-Enrique; Ulloa

Date: June 18, 2010

State of New York }
                  }  ss
county of Ulster  }

On the 18th day of June in the year 2010 before me, the undersigned, a Notary Public in and for said State, personally appeared Richard-Enrique; Ulloa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signatures(s) on the Instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature_____ (seal)



## LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. *Tampering with a witness, victim, or an informant.* The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law," which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

## Proof and Evidence of Service

I, Richard-Enrique; Ulloa: *declare that I served by filing one copy of the "OBJECTION TO JUDGES ORDER FOR TIME EXTENSION TO GENERAL ORDER #14" by "hand-delivered by private carrier-service on "USDC of Northern NY" sent by post-office-first class-mail AND OR CERTIFIED MAIL to the following:*

| BAILEY, KELLEHER & JOHNSON, P.C | USDC OF NORTHERN NY |
|---|---|
| JOHN W. BAILEY | COURT CLERK |
| 5 PINE WEST PLAZA, SUITE 507 | 445 Broadway, Room 509 |
| ALBANY, NEW YORK 12205 | ALBANY, NEW YORK 12207 |
| First class mail | First class mail |



Richard-Enrique; Ulloa

June 18, 2010

### NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

# BAILEY, KELLEHER & JOHNSON, P. C.
### ATTORNEYS AT LAW
PINE WEST PLAZA 5, SUITE 507
WASHINGTON AVENUE EXTENSION
ALBANY, NEW YORK 12205
TELEPHONE: (518) 456-0082
FACSIMILE: (518) 456-4767
www.bkjlaw.com

John W. Bailey
Nannette R. Kelleher
Thomas J. Johnson

Vincent J. DeLeouardis
Andrew T. Marciniszyn
Crystal R. Mennillo
Catherine P. Ham
Dinna Eskin-Colon
Marc J. Kaim
Aaron E. Connor
William T. Little

May 17, 2010

<u>Via Electronic Filing</u>
Hon. Magistrate Judge David R. Homer
James T. Foley U.S. Courthouse
445 Broadway, Room 345
Albany, New York 12207-2936

    Re:   County of Ulster et. al, v. Richard Enrique Ulloa, et. al.
           Case No.:   1:10-cv-00467 (TJM/DRH)
           Our File No.: 995-TR10

Dear Judge Homer:

The undersigned represent the plaintiffs in above-referenced Civil RICO matter. The purpose of this letter is to request additional time to file a civil RICO statement as required by General Order No. 14.

On April 22, 2010, plaintiffs filed their action against defendants. Immediately thereafter, plaintiffs hired two process servers to effect service on the various defendants. To date however, only one defendant has been served and it is likely that it will be some time before all defendants are served. As such, it is my opinion that it would be premature to file plaintiffs' civil RICO in compliance with 30 day period set forth in General Order No.

*TRUE COPY*

Hon. Magistrate Judge David R. Homer
May 17, 2010
Page 2

14. Accordingly, plaintiffs' counsel respectfully requests that the Court order that plaintiffs' civil RICO statement be filed on or before June 30, 2010.

Thank you for your consideration of this matter.

Respectfully submitted,

*[signature]*

John W. Bailey

JWB:mfv

So Ordered:

*[signature: David R. Homer]*   5/18/10

_____
Hon. Magistrate Judge David R. Homer

TRUE COPY
*[signature and seal]*