1

2    Richard-Enrique; Ulloa
     c/o postal department 771
3    Stone Ridge, New York republic

4

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 2 1 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

5    # UNITED STATES DISTRICT COURT FOR THE

6    # NORTHERN DISTRICT OF NEW YORK

7

8    COUNTY OF ULSTER, NEW YORK )      CASE # 1:10-CV-00467
     THE TOWN OF LLOYD, NEW YORK, )    TJM/DRH
9    TOWN OF ROSENDALE,NEW YORK, )
     TOWN OF ULSTER, NEW YORK )
10   DARRELL DAY, EUGENE J. RIZZO, )
     DANIEL M. MARTUSCELLO, )
11   HEATHER BLUME, ANTHONY )
     KALIMERAS, KATHLEEN BURNS )
12   JEFF COHEN, DAVID M. ACKERT, )
     AMY SHUMAN, ROBERT VOSPER, )
13   JOSHUA CALIENDO, BEATRICE )
     HAVRANEK, EILEEN B. KATASKY )
14   NINA POSUPACK, NEREIDA VEYTIA)

15                                      MEMORANDUM OF LAW
                                        IN SUPPORT OF MOTION TO
16          Plaintiffs,                 RECONSIDER JUDGES
                                        ORDER EXTENSION OF TIME &
17       -against-                      OBJECTION TO ORDER

18

19   RICHARD ENRIQUE ULLOA, SARA )
     ULLOA, JEFFREY-CHARLES )
20   BURFEINDT, ED-GEORGE )
     PARENTEAU, RAYMOND )
21   TOMKINS, KATHERINE A. CAIRO )
     DAVIS, KATHY STEINHILBER, )
22

23          Defendants )

24

25   # MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER

26   # JUDGES ORDER FOR EXTENSION OF TIME

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Comes now Richard-Enrique; Ulloa, by special visitation and not appearing generally, before this court seeking a remedy, by "The Saving to the Suitors Clause" at USC 28 -1333(1). I respectfully request the indulgence of this court as I am not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519

The following rules are in support of the Motion to Strike Judges Order that was filed in docket as number 5 (#5).

The document labeled "Letter Motion" and entered into Docket #4 and #5 are improper and do not comply with the Federal Rules 7, 10, 58, 50, 52, 54, 59, and 60, in addition to Local Rule 9.2 Requirement to File a Civil RICO Statement and Local Rule 10.1 Form of Papers

The Plaintiff's attorney is participating in a Sham Legal process, by trying to file EX PARTE letters and try to disguised them as Motion's, in bad form, it is this defendants opinion that plaintiff's attorney does not seem to understand the Federal Rules of Civil Procedure and how to file a proper motion or he may not have filed and signed his own letter and may be fraudulent, in either case, it is improper and not admissible as produced before this court.

Local Rule 9.2 and 18 U.S.C. § 1961, clearly states that "the party asserting such a claim shall file a RICO statement within thirty (30) days of the filing of the pleading containing such a claim", it does not allow for extension of time due to a service issue on the plaintiff's, nor does it state that an EX PARTE letter can be submitted as a substitute for a Motion paper, in the proper form as described in Local Rule 10.1, as a matter of law this Complaint should be dismissed.

1

**Rule 7.** *Pleadings Allowed; Form of Motions and Other Papers*

2

3
### (a) Pleadings.

4
Only these pleadings are allowed:

5
(1) a complaint;

6
(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

7
(4) an answer to a crossclaim;

8
(5) a third-party complaint;

9
(6) an answer to a third-party complaint; and

10
(7) if the court orders one, a reply to an answer.

11

### (b) Motions and Other Papers
12

**(1) In General.**
13

A request for a court order must be made by motion. The motion must:
14
   (A) be in writing unless made during a hearing or trial;

15
   (B) state with particularity the grounds for seeking the order; and

16
   (C) state the relief sought.

17
**(2) Form.**

18
The rules governing captions and other matters of form in pleadings apply to motions and other papers.
19

20

21

22
## Rule 58. Entering Judgment
23
### (a) Separate Document.

24
Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
25

26
   (1) for judgment under Rule 50(b);

27
   (2) to amend or make additional findings under Rule 52(b);

28

(3) for attorney's fees under Rule 54;

(4) for a new trial, or to alter or amend the judgment, under Rule 59; or

(5) for relief under Rule 60.

## (b) Entering Judgment.

### (1) Without the Court's Direction.

Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

(A) the jury returns a general verdict;

(B) the court awards only costs or a sum certain; or

(C) the court denies all relief.

### (2) Court's Approval Required.

Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:

(A) the jury returns a special verdict or a general verdict with answers to written questions; or

(B) the court grants other relief not described in this subdivision (b).

## (c) Time of Entry.

For purposes of these rules, judgment is entered at the following times:

(1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or

(2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:

(A) it is set out in a separate document; or

(B) 150 days have run from the entry in the civil docket.

## (d) Request for Entry.

A party may request that judgment be set out in a separate document as required by Rule 58(a).

## (e) Cost or Fee Awards.

Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

**Rule 50.** *Judgment as a Matter of Law in a Jury Trial; Related Motion for a New Trial; Conditional Ruling*

(a) Judgment as a Matter of Law.

**(1) In General.**

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

**(2) Motion.**

A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.

If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment — or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged — the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:

(1) allow judgment on the verdict, if the jury returned a verdict;

(2) order a new trial; or

(3) direct the entry of judgment as a matter of law.

1

2

(c) Granting the Renewed Motion; Conditional Ruling on a Motion for a New Trial.

3

**(1) In General.**

4

5

6

If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed. The court must state the grounds for conditionally granting or denying the motion for a new trial.

7

**(2) Effect of a Conditional Ruling.**

8

9

10

Conditionally granting the motion for a new trial does not affect the judgment's finality; if the judgment is reversed, the new trial must proceed unless the appellate court orders otherwise. If the motion for a new trial is conditionally denied, the appellee may assert error in that denial; if the judgment is reversed, the case must proceed as the appellate court orders.

11

12

(d) Time for a Losing Party's New-Trial Motion.

13

Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment.

14

15

16

(e) Denying the Motion for Judgment as a Matter of Law; Reversal on Appeal.

17

18

19

If the court denies the motion for judgment as a matter of law, the prevailing party may, as appellee, assert grounds entitling it to a new trial should the appellate court conclude that the trial court erred in denying the motion. If the appellate court reverses the judgment, it may order a new trial, direct the trial court to determine whether a new trial should be granted, or direct the entry of judgment.

20

21

**Rule 52.** *Findings and Conclusions by the Court; Judgment on Partial Findings*

22

23

(a) Findings and Conclusions.

24

25

**(1) In General.**

26

In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of

27

28

the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

**(2) For an Interlocutory Injunction.**

In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

**(3) For a Motion.**

The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.

**(4) Effect of a Master's Findings.**

A master's findings, to the extent adopted by the court, must be considered the court's findings.

**(5) Questioning the Evidentiary Support.**

A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.

**(6) Setting Aside the Findings.**

Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.

## (b) Amended or Additional Findings.

On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings — or make additional findings — and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

## (c) Judgment on Partial Findings

If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Rule 54.* Judgments; Costs

(a) Definition; Form.

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.

(b) Judgment on Multiple Claims or Involving Multiple Parties.

When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(c) Demand for Judgment; Relief to Be Granted.

A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

(d) Costs; Attorney's Fees.

**(1) Costs Other than Attorneys' Fees.**

Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

**(2) Attorneys' Fees.**

(A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

(C) *Proceedings*. Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a).

(D) *Special Procedures by Local Rule; Reference to a Master or a Magistrate Judge*. By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings. Also, the court may refer issues concerning the value of services to a special master under Rule 53 without regard to the limitations of Rule 53(a)(1), and may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.

(E) *Exceptions*. Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927.

## *Rule 59.* New Trial; Altering or Amending a Judgment

(a) In General.

**(1) Grounds for New Trial.**

The court may, on motion, grant a new trial on all or some of the issues â€" and to any party â€" as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2) Further Action After a Nonjury Trial.**

After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

1

2   ## (b) Time to File a Motion for a New Trial.

3   A motion for a new trial must be filed no later than 28 days after the entry of judgment.

4   ## (c) Time to Serve Affidavits.

5   When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits.

6

7

8   ## (d) New Trial on the Court's Initiative or for Reasons Not in the Motion.

9

10  No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

11

12

13  ## (e) Motion to Alter or Amend a Judgment.

14  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

15

16  **Rule 60.** *Relief from Judgment or Order*

17

18  ## (a) Corrections Based on Clerical Mistakes; Oversights and Omissions.

19

20  The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

21

22

23  ## (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.

24

25  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

26

27  (1) mistake, inadvertence, surprise, or excusable neglect;

28

1

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

3

4

(4) the judgment is void;

5

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6

(6) any other reason that justifies relief.

7

8

(c) Timing and Effect of the Motion.

9

**(1) Timing.**

10

A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

11

12

**(2) Effect on Finality.**

13

The motion does not affect the judgment's finality or suspend its operation.

14

(d) Other Powers to Grant Relief.

15

This rule does not limit a court's power to:

16

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

17

18

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

19

(3) set aside a judgment for fraud on the court.

20

(e) Bills and Writs Abolished.

21

22

The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Rule 12.** *Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing*

(a) Time to Serve a Responsive Pleading.

**(1) In General.**

Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

**(2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.**

The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

**(3) United States Officers or Employees Sued in an Individual Capacity.**

A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

**(4) Effect of a Motion.**

Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

1

2

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

3

### (b) How to Present Defenses.

4

5

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

6

(1) lack of subject-matter jurisdiction;

7

(2) lack of personal jurisdiction;

8

(3) improper venue;

9

(4) insufficient process;

10

(5) insufficient service of process;

11

(6) failure to state a claim upon which relief can be granted; and

12

(7) failure to join a party under Rule 19.

13

14

15

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

16

### (c) Motion for Judgment on the Pleadings.

17

18

After the pleadings are closed â€" but early enough not to delay trial â€" a party may move for judgment on the pleadings.

19

### (d) Result of Presenting Matters Outside the Pleadings.

20

21

22

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

23

### (e) Motion For a More Definite Statement.

24

25

26

27

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the

28

1

court sets, the court may strike the pleading or issue any other appropriate
order.

2

3

### (f) Motion To Strike.

4

The court may strike from a pleading an insufficient defense or any redundant,
immaterial, impertinent, or scandalous matter. The court may act:

5

(1) on its own; or

6

7

(2) on motion made by a party either before responding to the pleading or, if
a response is not allowed, within 21 days after being served with the
pleading.

8

9

### (g) Joining Motions.

**(1) Right to Join.**

10

11

A motion under this rule may be joined with any other motion allowed by this
rule.

12

**(2) Limitation on Further Motions.**

13

14

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under
this rule must not make another motion under this rule raising a defense or
objection that was available to the party but omitted from its earlier motion.

15

16

### (h) Waiving and Preserving Certain Defenses.

**(1) When Some Are Waived.**

17

A party waives any defense listed in Rule 12(b)(2)-(5) by:

18

19

(A) omitting it from a motion in the circumstances described in Rule
12(g)(2); or

20

(B) failing to either:

21

(i) make it by motion under this rule; or

22

(ii) include it in a responsive pleading or in an amendment allowed by
Rule 15(a)(1) as a matter of course.

23

**(2) When to Raise Others.**

24

Failure to state a claim upon which relief can be granted, to join a person
required by Rule 19(b), or to state a legal defense to a claim may be raised:

25

(A) in any pleading allowed or ordered under Rule 7(a);

26

(B) by a motion under Rule 12(c); or

27

(C) at trial.

28

**(3) Lack of Subject-Matter Jurisdiction.**

If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

1

2

### (i) Hearing Before Trial.

3

If a party so moves, any defense listed in Rule 12(b)(1)-(7) â€" whether made in a pleading or by motion â€" and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

4

5

6

**9.2 Requirement to File a Civil RICO Statement**

7

In any action in which a party asserts a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the party asserting such a claim shall file a RICO statement within thirty (30) days of the filing of the pleading containing such claim. This

8

9

statement shall conform to the format that the Court has adopted and shall be entitled "RICO Statement." Parties may obtain copies of General Order #14 - CIVIL RICO STATEMENT

10

FILING REQUIREMENTS from the Clerk's office or at the Court's webpage at "**www.nynd.uscourts.gov.**" This statement shall state in detail and with specificity the

11

12

information requested in the RICO Statement. The Court shall construe the RICO Statement as

13

an amendment to the pleadings.

14

**10.1 Form of Papers**

15

16

**(a)** Form Generally. All pleadings, motions, and other documents that a party presents for filing, whether in paper form or in electronic form, shall meet the following requirements:

17

18

1. all text, whether in the body of the document or in footnotes, must be a minimum of 12 point type

19

2. all documents must have one-inch margins on all four sides of the page
3. all text in the body of the document must be double-spaced

20

4. the text in block quotations and footnotes may be single-spaced
5. extensive footnotes must not be used to circumvent page limitations

21

6. compacted or other compressed printing features must not be used

22

7. pages must be consecutively numbered

23

**(b)** Additional requirements for all pleadings, motions, and other documents that a party presents for filing in paper form:

24

25

1. all documents must be on 8 ½ x 11 inch white paper of good quality
2. all text must be plainly and legibly written, typewritten, printed or reproduced without erasures or interlineations materially defacing them

26

3. all documents must be in black or blue ink

27

28

4. pages of all documents must be stapled (or in some other way fastened) together
5. all documents must be single-sided
6. the Court, at its discretion, may require the electronic submission of any document in a WordPerfect-compatible format

The Court may reject documents that do not comply with the above-listed requirements.

**(c) Information required.** The following information must appear on each document that a party files.

1. A caption, which must include the title of the Court, the title of the action, the civil action number of the case, the initials of the assigned judge(s), and the name or nature of the paper in sufficient detail for identification. **The parties must separately caption affidavits and declarations and must not physically attach them to the Notice of Motion or Memorandum of Law.**

2. Each document must identify the person filing the document. This identification must include an original signature of the attorney or *pro se* litigant; the typewritten name of that person; the address of a *pro se* litigant; and the bar roll number, office address, telephone number, e-mail address and fax number of the attorney. **All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.** Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the notice shall applies. Attorneys shall update their e-mail address, telephone or fax number through CM/ECF within fourteen (14) days of a change. Detailed instructions are available on the Court's website, http://www.nynd.uscourts.gov/. Attorneys shall notify the Court within fourteen (14) days of any change to their mailing address by completing the automated Update My Information form located on the Court's website: http://www.nynd.uscourts.gov/efilingregistration/ procform13.cfm.

Failure to keep this information current will result in removal from the roll of the Court.

**(d)** The record on hearings, unless ordered printed, shall be plainly typewritten and bound in book form, paginated and indexed.

**(e)** The Court conducts its reviews and deliberations in English. Unless otherwise directed by the Court, any document that a party transmits to the Court (including one in the record on appeal) that is in a language other than English must be accompanied by an English translation that the translator has certified as true and accurate, pursuant to 28 U.S.C. § 1746. Any party who disputes a translation must file notice of its intention to challenge the translation with the Court and all other parties within seven (7) days of receiving the Notice of Electronic Filing for the translation, or, if a non-Filing User, within seven (7)

1

days of receiving the translation. Upon receipt of a notice to challenge a translation, the Court shall establish the procedure and applicable time periods for the challenge to be heard.

2

3

4

5

I pray to the Almighty Father and not to this court that justice be done.

6

7

**ALL RIGHTS RESERVED TO AMEND WITHOUT LEAVE OF COURT**

8

9

10

_____

11

Richard-Enrique; Ulloa

12

Date: June 18, 2010

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proof and Evidence of Service**

1

    *I*, Richard-Enrique; Ulloa: *declare that I served by filing one copy of the "MEMORANDUM OF LAW"*

2 *by* "hand-delivered by private carrier-service on "USDC of Northern New York" sent by post-office-first class-mail AND OR CERTIFIED MAIL *to the following:*

3

4

| BAILEY, KELLEHER & JOHNSON, P.C | USDC OF NORTHERN NY |
|---|---|
| JOHN W. BAILEY | COURT CLERK |
| 5 PINE WEST PLAZA, SUITE 507 | 445 Broadway, Room 509 |
| ALBANY, NEW YORK 12205 | ALBANY, NEW YORK 12207 |
| First class mail | First class mail |

5

6

7

8

9

10                                 Richard-Enrique; Ulloa
                                  June 18, 2010

11

12

13

14

15

16

17

18

19

20

21

22

23

24   **NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL NOTICE TO**

25   **THE PRINCIPAL IS NOTICE TO THE AGENT**

26

27

28