U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 2 1 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

Richard-Enrique; Ulloa
c/o postal department 771
Stone Ridge, New York republic

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COUNTY OF ULSTER, NEW YORK THE TOWN OF LLOYD, NEW YORK, TOWN OF ROSENDALE,NEW YORK, TOWN OF ULSTER, NEW YORK DARRELL DAY, EUGENE J. RIZZO, DANIEL M. MARTUSCELLO, HEATHER BLUME, ANTHONY KALIMERAS, KATHLEEN BURNS JEFF COHEN, DAVID M. ACKERT, AMY SHUMAN, ROBERT VOSPER, JOSHUA CALIENDO, BEATRICE HAVRANEK, EILEEN B. KATASKY NINA POSUPACK, NEREIDA VEYTIA | CASE # 1:10-CV-00467 TJM/DRH |
| Plaintiffs, | AFFIDAVIT OF TRUTH IN SUPPORT OF OBJECTION AND MOTION TO RECONSIDER JUDGES ORDER TO EXTEND TIME FOR GENERAL ORDER #14 |
| -against- | |
| RICHARD ENRIQUE ULLOA, SARA ULLOA, JEFFREY-CHARLES BURFEINDT, ED-GEORGE PARENTEAU, RAYMOND TOMKINS, KATHERINE A. CAIRO DAVIS, KATHY STEINHILBER, | |
| Defendants | |

**AFFIDAVIT OF TRUTH IN SUPPORT OF OBJECTION AND MOTION TO RECONSIDER JUDGES ORDER TO EXTEND TIME FOR GENERAL ORDER #14**

Comes now Richard-Enrique Ulloa, Secured Party-Creditor, by special visitation and not appearing generally, before this court seeking a remedy in Admiralty as is provided by "The Saving to the Suitors Clause" at USC 28 -1333(1). I am standing in my unlimited commercial liability as a Secured Party-Creditor and request that the officers of this court do the same. I respectfully request the indulgence of this court as I am not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519

---

Richard-Enrique Ulloa, a Secured Party creditor, and reserving his rights "without prejudice" under the New York state Uniform Commercial Code 1-207, and Articles 1 to 13, hereby affirms;

I represent the Trust for RICHARD ENRIQUE ULLOA, that Trust is over the age of 18, and affirms under penalty of perjury, that;

I submit this Affidavit of Truth for and into the record that all documents submitted in support of the Motion to Reconsider, Notice of Motion, Objection to Judges Order, and Memorandum of Law in Support of the Motion to Reconsider are true and that I have firsthand knowledge of all the facts in all these documents.

To date I have not received a copy of the letter from the Plaintiff attorney requesting more time to file the RICO statement.

To date I have not received a copy of the ORDER filed by the court granting the time extension to file a RICO statement.

Exhibit A is a true copy, printed by me from the PACER system and will be entered into the record as evidence of misconduct on the part of the Plaintiff's attorney and JUDGE HOMER.

Exhibit B is a true copy of General Order #14, printed by me from the United States District Court Web Site, and entered into the record here, and in the Memorandum of Law.

I pray to the almighty Father and not to this court that justice be done.

**ALL RIGHTS RESERVED TO AMEND WITHOUT LEAVE OF COURT**

Richard-Enrique; Ulloa

Date: June 18, 2010

State of New York }

ss

county of Ulster }

On the 18th day of June in the year 2010 before me, the undersigned, a Notary Public in and for said State, personally appeared Richard-Enrique;Ulloa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signatures(s) on the Instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature__________________ (seal)

JUDITH S. MAYHON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MA6095585
QUALIFIED IN ULSTER COUNTY
COMMISSION EXPIRES JULY 14, 20 11

# LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. *Tampering with a witness, victim, or an informant*. The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law," which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

## Proof and Evidence of Service

*I,* Richard-Enrique; Ulloa: *declare that I served by filing one copy of the "AFFIDAVIT OF TRUTH IN SUPPORT OF MOTION TO RECONSIDER" by "*hand-delivered by private carrier-service on "USDC of Northern New York" sent by post-office-first class-mail AND OR CERTIFIED MAIL *to the following:*

| | |
|---|---|
| BAILEY, KELLEHER & JOHNSON, P.C | USDC OF NORTHERN NY |
| JOHN W. BAILEY | COURT CLERK |
| 5 PINE WEST PLAZA, SUITE 507 | 445 Broadway, Room 509 |
| ALBANY, NEW YORK 12205 | ALBANY, NEW YORK 12207 |
| First class mail | First class mail |

Richard-Enrique; Ulloa
June 18, 2010

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**

**EXHIBIT A**

AFFIDAVIT OF TRUTH Page

**BAILEY, KELLEHER & JOHNSON, P. C.**
**ATTORNEYS AT LAW**
**PINE WEST PLAZA 5, SUITE 507**
**WASHINGTON AVENUE EXTENSION**
**ALBANY, NEW YORK 12205**
**TELEPHONE: (518) 456-0082**
**FACSIMILE: (518) 456-4767**
**www.bkjlaw.com**

**John W. Bailey**
**Nannette R. Kelleher**
**Thomas J. Johnson**

**Vincent J. DeLeonardis**
**Andrew T. Marcinlszyn**
**Crystal R. Mennillo**
**Catherine P. Ham**
**Dinna Eskin-Colon**
**Marc J. Kaim**
**Aaron E. Connor**
**William T. Little**

May 17, 2010

Via Electronic Filing
Hon. Magistrate Judge David R. Homer
James T. Foley U.S. Courthouse
445 Broadway, Room 345
Albany, New York 12207-2936

**Re: County of Ulster et. al, v. Richard Enrique Ulloa, et. al.**
**Case No.: 1:10-cv-00467 (TJM/DRH)**
**Our File No.: 995-TR10**

Dear Judge Homer:

The undersigned represent the plaintiffs in above-referenced Civil RICO matter. The purpose of this letter is to request additional time to file a civil RICO statement as required by General Order No. 14.

On April 22, 2010, plaintiffs filed their action against defendants. Immediately thereafter, plaintiffs hired two process servers to effect service on the various defendants. To date however, only one defendant has been served and it is likely that it will be some time before all defendants are served. As such, it is my opinion that it would be premature to file plaintiffs' civil RICO in compliance with 30 day period set forth in General Order No.

TRUE COPY

Hon. Magistrate Judge David R. Homer
May 17, 2010
Page 2

14. Accordingly, plaintiffs' counsel respectfully requests that the Court order that plaintiffs' civil RICO statement be filed on or before June 30, 2010.

Thank you for your consideration of this matter.

Respectfully submitted,

John W. Bailey

JWB:mfv

So Ordered:

5/18/10

Hon. Magistrate Judge David R. Homer

TRUE COPY

**EXHIBIT B**

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
December 5, 2008
LAWRENCE K. BAERMAN, CLERK

# UNITED STATES DISTRICT COURT
FOR THE
# NORTHERN DISTRICT OF NEW YORK

## Civil Rico Statement
## 18 U.S.C. Section 1961, et seq.

## GENERAL ORDER #14

TRUE COPY

**IT IS SO ORDERED THAT:**

Pursuant to the case management authority of this Court, a party filing an action in which claims have been asserted under the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO") (18 U.S.C. § 1961) shall file a RICO statement which complies with the following requirements.

Within thirty (30) days after the filing date of the complaint, the plaintiff shall file a RICO case statement which shall set forth facts the plaintiff is relying upon to initiate the complaint. The facts set forth within the RICO statement shall be based upon an inquiry reasonable under the circumstances as set forth in Fed. R. Civ. P. 11(b).

In numbered paragraphs mirroring the questions listed below, the RICO statement shall state in detail and specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a),(b),(c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendant(s) listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts and a description of the facts surrounding the predicate acts;

    c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

    d. State whether there has been a criminal conviction for violation of the predicate acts;

    e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

      f. Describe how the predicate acts form a "pattern of racketeering activity"; and

g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

a. State the names of the individuals, partnerships, corporations, associations, or other legal entities which allegedly constitute the enterprise;

b. Describe the structure, purpose, function and course of conduct of the enterprise;

c. State whether any defendants are employees, officers or directors of the alleged enterprise;

d. State whether any defendants are associated with the alleged enterprise;

e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. Section 1962 (a), provide the following information:

    a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b. Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. Section 1962 (b), describe in detail the acquisition of maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. Section 1962 (c), provide the following information:

    a. State who is employed by or associated with the enterprise; and

    b. State whether the same entity is both the liable "person" and the "enterprise" under Section 1962 (c).

14. If the complaint alleges a violation of 18 U.S.C. Section 1962 (d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendent state claims, if any.

20. Provide any additional information that you feel would be helpful to the Court in processing your RICO claim.

21. **Effective Date.**

General Order #14 as revised was approved by the Court on the 7th day of March, 2003 and amended on December 5th, 2008.

Norman A. Mordue
Chief United States District Court Judge