**BAILEY, KELLEHER & JOHNSON, P. C.**
ATTORNEYS AT LAW
PINE WEST PLAZA 5, SUITE 507
WASHINGTON AVENUE EXTENSION
ALBANY, NEW YORK 12205
TELEPHONE: (518) 456-0082
FACSIMILE: (518) 456-4767
www.bkjlaw.com

| | |
|---|---|
| John W. Bailey | Vincent J. DeLeonardis |
| Nannette R. Kelleher | Andrew T. Marciniszyn |
| Thomas J. Johnson | Crystal R. Mennillo |
| | Catherine P. Ham |
| | Dinna Eskin-Colon |
| | Marc J. Kaim |
| | Aaron E. Connor |
| | William T. Little |

July 7, 2010

Via Electronic Filing
Hon. David R. Homer
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

>    Re:   County of Ulster et. al, v. Richard Enrique Ulloa, et. al.
>          Case No.:   1:10-cv-00467 (TJM/DRH)
>          Our File No.: 995-TR10

Dear Judge Homer:

The undersigned represent the Plaintiffs in the above-mentioned matter. Please accept the following as plaintiffs' Motion for Court Ordered Service under Federal Rule of Civil Procedure 4(e)(1) and NY CPLR §308(5).

On April 22, 2010, plaintiffs filed this action against seven (7) defendants. To date, five (5) defendants have been served. However, despite plaintiffs' best efforts, defendants Parenteau and Burfeindt have not been served with the Complaint. Accordingly, plaintiffs make this request for Court Ordered Service to those defendants by a certified

Hon. David R. Homer
July 7, 2010
Page 2

mail return receipt at addresses on file with the Court in other cases. Alternatively, it is requested that regular mail to the addresses on file with the Court be used, or with regard to defendant Parenteau, if he is still incarcerated, that service by mail be sent to the Correctional Facility where he is being held.

Prior to filing this request, plaintiffs diligently attempted to serve both defendants through personal service, substituted service and "nail and mail service". Specifically, with regard to defendant Burfeindt, attempts were made to serve him at 74 Pancake Hollow Road in Highland New York on June 4th at 7:10 p.m., on June 5th at 4:12 p.m. and June 9th at 12:10 p.m. See, **Exhibit "A"**. Further, on June 4, 2010 at 5:26 p.m. plaintiffs' process server encountered a person at that address who would not identify himself but stated that he was watching the house for Mr. Burfeindt and would not accept service. The person further stated that Mr. Burfeindt was in California but he did not know where or when he would return. Nonetheless, that person wanted to know what the service was in regard to and other information including whether it was a civil or criminal case. The person further told the process server that there was to be no trespassing on the property and there were dogs protecting same. The person appeared to be in his forties with dark brown hair and a medium build. While the process server suspected that this person may be Jeffrey Charles Burfeindt, that could not be verified. Since that day no further attempts have been made to serve Mr. Burfeindt. However, it should be noted that, in an active case filed in the Northern District, Burfeindt has listed his address as: Postal Department 771, Stone Ridge, New York 12484. See, 1:10-cv-00123.

In regard to defendant Parenteau, a New Jersey process server was hired based upon plaintiffs' best information that Mr. Parenteau lived in Keyport New Jersey or in the surrounding area. Said process server made several attempts to serve Ed-George Parenteau, however, he was unable to locate defendant. In fact, that process server ran skip tracing and numerous internet searches in attempt to locate said defendant. See, **Exhibit "B"**. However, it is now known that defendant Parenteau was arrested in June 2010 and indicted on mail fraud charges. In a Court filing related thereto, defendant Parenteau has listed his address as General Post Office, Symrna, New York. Additionally, upon information and belief, defendant Parenteau is still being held in the Albany County Jail.

Given the foregoing facts, it is respectfully requested that the Court Order an alternative means of service for defendants Burfeindt and Parenteau. Notably, FRCP 4(e)(1) allows for service by any method allowed under State law for serving a summons in the State where the District Court is located. As such, service under NY CPLR §308(5) is permissible. Thereunder, the Court may devise a method of service "in such manner as

Hon. David R. Homer
July 7, 2010
Page 3

the Court, upon Motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Section one relates to personal service, section two is service by leaving a copy with a person of suitable age and discretion at place of business or home followed by a meeting to the same, and Section four is what is known in the profession as "nail and mail service." Id. As detailed above, each of these manners of service has been attempted without success, hence this motion. This request comports with New York Law interpreting section 308(5), See e.g., Saulo v. Naomi, 719 A.D.2d 657 (2d Dept. 1986). Accordingly, it is respectfully requested that the Court grant this Motion.

Additionally, with regard to defendant Parenteau, plaintiffs are in possession of an email address (saint_george_creator@yahoo.com) and would like permission to serve defendants Parenteau at the address as well if the Court so desires. Plaintiffs are also amenable to publication if the Court so requires.

If this is acceptable to the Court, kindly "So Order" this letter below. Thank you for your courtesies with regard to this matter.

Respectfully submitted,

John W. Bailey

JWB:mfv

So Ordered

_David R. Homer_       7/12/10
Hon. Magistrate Judge David R. Homer