UNITED STATES DISTRICT COURT
NORTHERN DISTRICR OF NEW YORK

---

COUNTY OF ULSTER, NEW YORK
THE TOWN OF LLOYD, NEW YORK,
TOWN OF ROSENDALE, NEW YORK,
TOWN OF ULSTER, NEW YORK,
DARRELL DAY, EUGENE J. RIZZO, DANIEL
M. MARTUSCELLO, HEATHER BLUME, ANTHONY
KALIMERAS, KATHLEEN BURNS, JEFF COHEN,
DAVID M. ACKERT, AMY SHUMAN, ROBERT          Civil Case No.:
VOSPER, JOSHUA CALIENDO, BEATRICE
HAVRANEK, EILEEN B. KATATSKY,                1:10-cv-00467
NINA POSTUPACK, NEREIDA VEYTIA,              (TJM/DRH)

                Plaintiffs,

   -against-

RICHARD ENRIQUE ULLOA, SARA ULLOA,
JEFFREY-CHARLES BURFEINDT,
ED-GEORGE PARENTEAU, RAYMOND TOMPKINS,
KATHERINE A. CAIRO DAVIS, KATHY STEINHILBER,

                Defendants.

---

## MEMORANDUM OF LAW

---

Dated: July 23, 2010        Bailey, Kelleher & Johnson, P.C.

                           By: _____
                                John W. Bailey
                            Bar Roll No.: 101069
                            Attorneys for Plaintiffs
                            Pine West Plaza 5, Suite 507
                            Washington Avenue Extension
                            Albany, NY 12205
                            (518) 456-0082

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................. 1

STATEMENT OF FACTS & PROCEDURAL HISTORY ........................................... 2

ARGUMENT ........................................................................................................... 3

        A.   Legal Standard ........................................................................... 3

POINT I     SUBJECT MATTER JURISDICTION IS
               FIRMLY ESTABLISHED ............................................. 3

POINT II    PLAINTIFFS HAVE STANDING TO SUE ................................. 6

POINT III   PLAINTIFFS' COUNSEL HAS BEEN AUTHORIZED
               BY ALL PLAINTIFFS TO REPRESENT
               PLAINTIFFS' INTEREST IN THIS CASE ................................. 8

CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

## Federal Cases

Allstate Ins. Co. v. Seigel
312 F.Supp.2d 260 (D. Conn 2004) ................................................................. 3

Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C.
2009 U.S. Dist. Lexis 91291 (E.D.N.Y. 2009) ............................................... 8

American Motorist Ins. Co. v. United Furnace Co., Inc.
876 F.2d 293 (2d Cir. 1989) ........................................................................... 5

Anza v. Ideal Steel Supply Corp.
547 U.S. 451 (2006) ....................................................................................... 7

Caterpillar Inc. v. Williams
482 U.S. 386 (1987) ....................................................................................... 3

Conley v. Gibson
355 U.S. 41 (1957) ......................................................................................... 3

Eastman Kodak Co. v. Camarata
2006 U.S. Dist. LEXIS 88206 (W.D.N.Y. 2006) ........................................... 7

Faraldo v. Kessler
2008 U.S. Dist. LEXIS 5367 (E.D.N.Y. 2008) .............................................. 4

Goodrich v. WFS Financial, Inc.
2007 U.S. Dist. LEXIS 11620 (N.D.N.Y. 2207) ........................................... 4

Haywood v. Drown
129 S. Ct. 2108 (2009) ................................................................................... 5

Hect v. Commerce Clearing House, Inc.
897 F.2d 21, 23 (2d Cir. 1990) ...................................................................... 7

Int'l Gemmological Inst v. Rafeil
2005 U.S. Dist. LEXIS 19288 (S.D. N.Y. 2005) ........................................... 4

Lerner v. Fleet Bank, N.A.
318 F.3d 113, 120 (2d. Cir. 2003) .................................................................. 7

Levine v. Torino Jewelers
2006 U.S. Dist. LEXIS 11932 (S.D.N.Y. 2006) ............................................................ 7

Lujan v. Defenders of Wildlife
504 U.S. 555 (1992) .................................................................................................. 6-8

Moss v. Morgan Stanley, Inc.
719 F.2d 5 (2d Cir. 1983)............................................................................................. 8

Rothberg v. Chloe Foods Corp.
2007 U.S. Dist. LEXIS 53914 (E.D.N.Y. 2007) ........................................................... 5

SEC v. Credit Bancorp, Ltd.
386 F.3d 438 (2d Cir. 2004).......................................................................................... 4

Sweet v. Sheahan
235 F.3d 80, 83 (2d Cir. 2000)...................................................................................... 3

Taylor v. Vermont Dep't of Educ.
313 F.3d 768 (2d. Cir. 2002)......................................................................................... 3

## Federal Statutes

18 U.S.C. §1341 .............................................................................................................. 8

18 U.S.C. §1343 .............................................................................................................. 8

18 U.S.C. §1962 .......................................................................................................... 4, 7

28 U.S.C. §1332 .............................................................................................................. 4

28 U.S.C. §1367 .............................................................................................................. 4

28 U.S.C. §1581-1585...................................................................................................... 5

## Federal Rules

Fed. R. Civ. Pro. 26(d) ................................................................................................... 9

## Local Rules

Local Rule 26.4 ............................................................................................................... 9

## PRELIMINARY STATEMENT

Plaintiffs, by and through their attorneys, Bailey, Kelleher & Johnson, P.C., submit the following Memorandum of Law in response to Motions to Dismiss filed by defendants Sara Ulloa and Richard Ulloa.  Defendant Sarah Ulloa asserts that plaintiffs' claims against her should be dismissed because: 1) regulation of notaries is a state law issue, and therefore, this Court does not have subject matter jurisdiction regarding these claims; 2) plaintiffs' claims relate to commercial liens, which is solely a matter of state law, and therefore, subject matter jurisdiction is lacking regarding these claims as well; 3) plaintiffs' attorneys have not supplied proof that they are authorized to prosecute the claims alleged herein on behalf of plaintiffs; and 4) that plaintiffs' lack standing with respect to the claims made.  Defendant Richard Ulloa states in his Memorandum of Law that  plaintiffs' claims should be dismissed because: 1) plaintiffs' lack standing and or have failed provide an injured party, 2) an alleged lack of subject matter jurisdiction; and 3) alleged failure to provide proof that counsel is authorized to represent plaintiffs' in this action[1].

As further detailed throughout, defendants' Motions lack merit and should be denied.  Specifically, Sara Ulloa has failed to provide this Court with a basis to dismiss any of plaintiffs' claims against her. Notably, Sara Ulloa miscasts the issues at play herein, misstates the law applicable to the facts and circumstances of this action, seeks discovery in the guise of a Motion to Dismiss and makes nebulous allegations about standing that may be disposed of in the most cursory fashion.  Similarly, Richard Ulloa

---

[1] Richard Ulloa also references personal jurisdiction, however, he was duly served with the Complaint.  Dkt. 9.

1

also seeks discovery in the form of his Motion, relies on vague references to argue that plaintiffs lack standing and sets forth equally unavailing assertions that counsel has not been duly authorized to bring suit on plaintiffs' behalf. In light of the foregoing failings and inadequacies, it is respectfully submitted that defendants' Motions are properly denied.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

Plaintiffs' filed their Complaint on or about April 21, 2010. Ex. "A". Plaintiffs' Complaint contains several causes of action, including a civil RICO cause of action predicated upon mail and/or wire fraud, a RICO conspiracy cause of action premised upon the same predicate acts and several state-law based causes of action related to the conduct that forms the basis of the RICO claims. In response, defendant Sarah Ulloa filed a motion to dismiss plaintiffs' claims against her on or about May 28, 2010. See, Dkt. 7-8. Defendant Richard Ulloa also filed a motion to dismiss on or about June 21, 2010. See, Dkt. 12. Plaintiffs filed a letter motion requesting the Motions be consolidated, which was granted on or about June 24, 2010. See, Dkt. 15. Plaintiffs' filed their Civil RICO statement, as required by Local Rule 9.2 on June 30, 2010. See, Dkt. 18. A Rule 16 conference is currently scheduled for August 25, 2010. See, Dkt. 2. As such, no discovery has taken place thus far. See, Affidavit of John W. Bailey, ¶ 6.

## ARGUMENT

**A.** **Legal Standard**

When ruling upon a motion to dismiss, the court "must accept the factual allegations contained in the ....complaint and exhibits attached thereto as true and draw all reasonable inferences in favor" of the nonmoving party. Allstate Ins. Co. v. Seigel, 312 F.Supp.2d 260 (D. Conn 2004) citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d. Cir. 2002). "Dismissal is appropriate only when it appears beyond a doubt that plaintiff can prove no set of facts which would entitle him or her to relief". Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).

## POINT I

### SUBJECT MATTER JURISDICTION IS FIRMLY ESTABLISHED

Citing a number of illogical conceits, defendants argue that this court lacks subject matter jurisdiction to hear plaintiffs' claims. However, even the most cursory reading of plaintiffs' Complaint reveals that plaintiffs' have properly invoked the jurisdiction of this Court.

At the most basic level, a federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States". Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Such jurisdiction is widely known as "federal question jurisdiction". Id. Federal courts also have jurisdiction over claims between citizens of different states that satisfy the requisite amount in

3

controversy.  See generally, 28 U.S.C. § 1332; Faraldo v. Kessler, 2008 U.S. Dist. LEXIS

5367 (E.D.N.Y. 2008). Such jurisdiction is usually referred to as "diversity jurisdiction".

When federal question jurisdiction exists, the Court has the ability to hear related state-

law claims pursuant to 28 U.S.C. § 1367(a).   Subject to certain strictures, supplemental

jurisdiction is available in diversity jurisdiction cases as well.  28 U.S.C. § 1367(b).

In this case, plaintiffs' Complaint alleges defendants violated federal law,

specifically, 18 U.S.C. § 1962.  See, Ex. "A", ¶ 28.  This is sufficient for purposes of

subject matter jurisdiction.  Int'l Gemmological Inst v. Rafeil, 2005 U.S. Dist. LEXIS

19288 at *9-*10 (S.D. N.Y. 2005) (holding court had subject matter jurisdiction over

civil RICO claim under federal question jurisdiction and supplemental jurisdiction over

pendant state law claims).  Plaintiffs have also utilized supplemental jurisdiction with

regard to the pendant state-law claims sounding in abuse of process and prima facie tort,

as authorized by § 1367.  Id.; Ex. "A", ¶ 28, 189-208.  Accordingly, defendants' Motions

to Dismiss based upon lack of subject matter jurisdiction should be denied.

Defendants also vaguely state that the Court lacks subject matter jurisdiction

because claims alleged relate to purported "commercial liens" and/or tangentially involve

the UCC.  This argument is easily dispensed with because plaintiffs have met the

standards of subject matter jurisdiction noted above.  Nonetheless, it should be noted that

federal courts commonly review matters related to the UCC.  See e.g., Goodrich v. WFS

Financial, Inc., 2007 U.S. Dist. LEXIS 11620 (N.D.N.Y. 2207); SEC v. Credit Bancorp,

Ltd., 386 F.3d 438 (2d Cir. 2004).  Further, RICO allegations predicated, at least in part,

upon a UCC filing statement have been sustained by a district court within this Circuit.

4

See, Rothberg v. Chloe Foods Corp., 2007 U.S. Dist. LEXIS 53914 (E.D.N.Y. 2007)

(denying defendants motion to dismiss).  As such, defendants' position is without merit.

Defendant Sarah Ulloa additionally states that the Court does not have subject

matter jurisdiction because notaries are not licensed by the United States.  However,

Sarah Ulloa is not being sued because she notarized documents- she is being sued

because it appears that she part of the association-in-fact detailed in plaintiffs Complaint[2].

See, Ex. "A", ¶ 80-100.  Moreover, under the Supremacy Clause of the Constitution,

federal law, in this case the RICO statute, is the supreme law of the land.  See e.g.,

Haywood v. Drown, 129 S. Ct. 2108 (2009).  Accordingly, this argument is without merit

as well.

Lastly, it should also be noted that Richard Ulloa has cited provisions related to

the Court of International Trade and the jurisdiction of district courts, including 28

U.S.C. § 1581-1583 and § 1585, which are simply inapplicable to the facts alleged in the

Complaint.  See generally, American Motorist Ins. Co. v. United Furnace Co., Inc., 876

F.2d 293 (2d Cir. 1989).  Further, defendant's citation to 28 U.S.C. § 1584 is plainly

without merit because this is not an action under the North American Free Trade

Agreement.  It is therefore respectfully submitted that these citations should be disregard

by the Court.

---

[2] In that regard, plaintiffs' note the similarity in defendants' Motions, including the arguments and the format of each motion, and the phrase "Notice to the agent is notice to the principal notice to the principal is notice to the agent" on the "Proof and Evidence of Service" page of each Motion to Dismiss. Dkt. 7 & 12.

## POINT II

### PLAINTIFFS HAVE STANDING TO SUE

Defendant Richard Ulloa banally cites <u>Lujan v. Defenders of Wildlife</u>, 504 U.S.

555 (1992), in support of his argument that plaintiffs lacks standing to pursue the claims

alleged in this case.  Defendant Sara Ulloa also makes some reference to the concept of

standing in her Motion papers.  However, defendants Motions fail to properly apply the

standards set forth in <u>Lujan</u> to plaintiffs' allegations and ignore the more specific RICO

standing requirement cited below.  As such, defendants have failed to carry the burden

required of a motion to dismiss.

> <u>Lujan</u> simply states that a plaintiff's standing is predicated
> upon three elements: 1) "an injury in fact-an invasion of a
> legally protected interest which is (a) concrete and
> particularized; 2) (b) actual and imminent, not conjectural or
> hypothetical"; 2) "a causal connection between the injury and
> the conduct complained of"; and 3) it is likely "that the injury
> will be redressed by a favorable decision".
>
> <u>Lujan</u>, 504 U.S. at 560-61 (internal citations and quotations omitted).

In applying the aforementioned standing principles, the <u>Lujan</u> Court found that the

plaintiffs had not made the threshold showing of injury and redressability.  <u>Id.</u> at 562.

Specifically, the plaintiffs' in Lujan were concerned with the preservation of endangered

species in foreign countries, including the Nile crocodile in Egypt and Asian elephant in

Sri Lanka and submitted affidavits averring that they had "visited" the nature habitat of

the threatened animals, but did not have concrete future plans to visit those habits again.

<u>Id.</u> at 563-64.  Accordingly, the Court held that without a present intent to return to these

areas, plaintiffs had failed to show an "actual or imminent" injury.  Contrastingly, and

6

most germane to the matter at hand, the Court noted that at the pleading stage, general

factual allegations of injury resulting from defendants' conduct will normally be

sufficient and that actual harm to a plaintiff always satisfies the injury in fact

requirement. Id. at 561, 565.

In terms of standing under RICO, a properly alleged claim only requires that

plaintiff plead  (1) defendants violated 18 U.S.C. § 1962; (2) an injury to plaintiff's

business or property; and (3) that plaintiffs' injury was caused by defendant's violation of

§ 1962 or by individual RICO predicate acts.  Lerner v. Fleet Bank, N.A., 318 F.3d 113,

120 (2d. Cir. 2003); Hect v. Commerce Clearing House, Inc., 897 F.2d 21, 23 (2d Cir.

1990) (internal quotations omitted).  Stated otherwise, the Court should simply ask

"whether the alleged violation led directly to plaintiff's injuries".  Anza v. Ideal Steel

Supply Corp., 547 U.S. 451 (2006).  Importantly, at this stage it is not plaintiffs' burden

to prove anything; rather, plaintiffs' burden is merely to properly allege a cognizable

claim.  Eastman Kodak Co. v. Camarata, 2006 U.S. Dist. LEXIS 88206, *14 (W.D.N.Y.

2006) (denying defendants' motion to dismiss civil RICO claims); See also, Levine v.

Torino Jewelers, 2006 U.S. Dist. LEXIS 11932 (S.D.N.Y. 2006) (denying vast majority

of defendants' motion to dismiss plaintiff's civil RICO claims and noting question on a

motion to dismiss pertains to allegations not proof of those allegations).

Plaintiffs' have standing in this matter.  As stated in greater detail in plaintiffs'

Complaint and Civil RICO Statement, plaintiffs have alleged violations of § 1962,

detailed the injuries related thereto, including, but not limited to, the expenditure of funds

due to the actions of defendants, negative impacts on their credit reports or histories and

7

restrained in the alienability of their real property. See e.g., Ex. "A", ¶ 145-46; Ex. "B" ¶ 4. These injuries are palpable and ongoing. The injuries noted above were caused by defendants' actions in filing liens, sending demands for payments and creating false judgments- all of which was in violation of 18 U.S.C. § 1341 or § 1343, the predicates acts alleged herein. See e.g., Ex. "A", ¶ 137; 154; 169. Accordingly, plaintiffs have properly alleged their RICO claim and have standing. Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C., 2009 U.S. Dist. Lexis 91291 (E.D.N.Y. 2009) citing Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983) (stating elements of a RICO claim). As such, the facts and circumstances of Lujan are inapposite and defendants' Motions to Dismiss should be denied.

Another issue for the Lujan plaintiffs that distinguishes the case from the instant matter was the plaintiffs' failure therein to demonstrate redressability. Id. at 568. Critically, plaintiffs were seeking invalidation of action taken by agencies that were not parties to the case. Id. Here, plaintiffs seek only redress of wrongs perpetrated by named parties. See generally, Exhibit "A". Therefore, defendants have failed to provide the Court with a cognizable reason to dismiss any of plaintiffs' claims.

## POINT III

### PLAINTIFFS' COUNSEL HAS BEEN AUTHORIZED BY ALL PLAINTIFFS TO REPRESENT PLAINTIFFS' INTEREST IN THIS CASE

Defendants' bald assertion that plaintiffs' attorneys have not been duly authorized to represent plaintiffs is simply untrue. In fact, plaintiffs' counsel obtained written consent from all individual plaintiffs prior to filing the instant action. See, Affidavit of

8

John W. Bailey, Esq., ¶ 12. Further, plaintiffs' counsel procured resolutions from all the municipal defendants other than Ulster County, which supplied an executive authorization in accordance with its form of government. <u>See</u>, Affidavit of John W. Bailey, Esq., ¶ 12. Plaintiffs will produce these documents if the court so desires[3]. Nonetheless, it should be noted the Rule 16 conference relevant to this matter has not yet taken place. <u>See</u>, Affidavit of John W. Bailey, Esq., ¶ 6. Accordingly, plaintiffs' counsel treated Richard Ulloa's letter requesting copies of these authorizations as a discovery request in violation of Fed. R. Civ. Pro. 26(d) and Local Rule 26.4, and did not respond thereto. In fact, unless the Court orders otherwise, plaintiffs will not produce these authorizations and resolutions until discovery is authorized. Nonetheless, defendants' Motions fail in either case because they seek unauthorized discovery and/or because plaintiffs' counsel is in possession of proof that same has been duly authorized to represent the interests of all plaintiffs in this case. As such, defendants' Motions should be denied.

## CONCLUSION

Based upon all of the foregoing, plaintiffs' respectfully submit that defendants' Motions to Dismiss should be denied.

---

[3] Plaintiffs, however, reserve the right to redact privileged portions of any document, and if necessary, submit an unredacted copy of any disputed document to the Court for *in camera* review.

9