**BAILEY, KELLEHER & JOHNSON, P. C.**
ATTORNEYS AT LAW
PINE WEST PLAZA 5, SUITE 507
WASHINGTON AVENUE EXTENSION
ALBANY, NEW YORK  12205
TELEPHONE: (518) 456-0082
FACSIMILE: (518) 456-4767
www.bkjlaw.com

| | |
|---|---:|
| John W. Bailey | Vincent J. DeLeonardis |
| Nannette R. Kelleher | Andrew T. Marciniszyn |
| Thomas J. Johnson | Crystal R. Mennillo |
| | Catherine P. Ham |
| | Dinna Eskin-Colon |
| | Marc J. Kaim |
| | Aaron E. Connor |
| | William T. Little |

August 12, 2010

**Via Electronic Filing**
Hon. David R. Homer
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

    Re:    County of Ulster et. al, v. Richard Enrique Ulloa, et. al.
           Case No.:     1:10-cv-00467 (TJM/DRH)
           Our File No.:  995-TR10

Dear Judge Homer:

The undersigned represent the plaintiffs in the above-noted matter.  Please accept the following as Plaintiffs' Second Motion for Court Ordered Service under Federal Rule of Civil Procedure 4(e)(1) and NY CPLR § 308(5).  Additionally, please also accept the following as Plaintiffs' Motion for Additional Time to Complete Service under Federal Rule of Civil Procedure 4(m).

Plaintiffs' initiated this action on April 22, 2010 by filing a complaint against seven defendants alleging, among other things, violations of 18 U.S.C. § 1961 *et seq*. predicated on violations of 18 U.S.C.§ 1341 and § 1343.  To date, plaintiffs have completed service upon five of the seven defendants.  However, plaintiffs have been unable to locate

Hon. David R. Homer
August 12, 2010
Page 2

defendant Burfeindt and have been unable to complete service on defendant Parenteau. In light of the aforementioned service issues, plaintiffs filed a letter motion on or about July 7, 2010, requesting Court Ordered Service by sending the Summons, Complaint and other required documents to defendants Burfeindt and Parenteau at addresses on file with the Court via registered mail, return receipt requested. Dkt. 27. The Court granted this request. Dkt. 28.

In accordance with the Court's Order, plaintiffs' counsel sent the summons, complaint and other required documents to defendants Parenteau and Burfeindt at the addresses listed in plaintiffs' previous letter motion pertaining to service. However, both mailings were returned to plaintiffs' counsel as "refused". Specifically, the package addressed to defendant Parenteau was refused on July 28, 2010 and the package addressed to defendant Burfeindt was refused on July 15, 2010. See, Exhibits "A" & "B". Given the aforementioned refusals by defendants Parenteau and Burfeindt to accept service via certified mail, return receipt requested, plaintiffs' respectfully request the Court order service on both defendants via regular mail in tandem with publication.

Service via regular mail coupled with publication exceeds minimum due process standards under New York law. See, Dobkin v. Chapman, 21 N.Y.2d 490 (1968). Further, certified mail, return receipt requested, and publication have been approved as effective service under CPLR § 308(5) in other federal actions. See, e.g., D.R.I., Inc v. Dennis, 2004 U.S. Dist. LEXIS 22541 (S.D.N.Y. 2004). Publication has also been held suitable where a defendant is a fugitive or where deliberate avoidance of service is shown. Javier H. v. Garcia-Botello, 217 F.R.D. 308 (W.D.N.Y. 2003); S.E.C. v. Tome, 833 F.2d 1086, 1092 (2d Cir. 1987) (noting that deliberate avoidance allows for notice by "mail and by publication in media of general and wide circulation").

In this matter, plaintiffs' have previously attempted to serve defendants Parenteau and Burfeindt by conventional means, however, those attempts failed. See, Dkt. 27. Plaintiffs then attempted to serve defendants Parenteau and Burfiendt via certified mail, return receipt requested, as approved by the Court. This method also failed, not because the mail was misaddressed or sent to an address that was no longer valid, but because defendants (or someone on their behalf) simply refused to sign for the packages. Accordingly, plaintiffs submit that the prerequisites for service by publication have been met. Additionally, it should be noted that, upon information and belief, defendant Burfeindt is currently a fugitive from justice, making service by publication the only practical means available. See, 1:10-cr-00320-TJM-2.

Assuming the Court is amenable to plaintiffs' request to utilize service by publication, the court may use New York law to govern how same is effectuated (S.E.C. v. Anticevic,

Hon. David R. Homer
August 12, 2010
Page 3

2009 U.S. Dist LEXIS 11480 (S.D. N.Y. 2009)) or may craft its own notice.  Javier H. v. Garcia-Botello, 217 F.R.D. 308 (W.D.N.Y. 2003).  If the Court wishes to utilize New York Law governing service by publication, the relevant section is CPLR § 316, which requires that the summons be published along with a notice to the defendant stating the nature of the action, the relief sought and the sum of money for which a judgment may be taken in case of default.  CPLR § 316 further provides that the notice must be published in two newspapers, at least once a week for four weeks, in newspapers most likely to give the defendant notice of the action.  Id.  The initial publication must occur within thirty days of the order granting service by publication and service is complete on the 28th day following the initial publication.  Id.

In this case, plaintiffs propose to publish the legal notices attached hereto as Exhibit "C" in two newspapers located in defendants local area that have covered this very case once a week for four weeks.  Specifically, plaintiffs propose to publish the attached legal notices in the Times Herald-Record and the Shawangunk Journal.  Notably, the Times Herald-Record printed an article about this lawsuit on April 29, 2010, and printed an article about defendants' indictment on mail fraud charges on July 2, 2010.  Further, in response to the April 29 Article, defendant Parenteau sent correspondence to the undersigned requesting an apology and a withdrawal of the comments made therein.  See, Exhibit "D".  Accordingly, the Times Herald-Record is a newspaper likely to give defendants notice of this action.

With regard to the Shawangunk Journal, that publication has printed articles about this lawsuit on April 29, 2010, an article about defendant Richard Ulloa on May 13, 2010 and defendants' mail fraud indictment on July 8, 2010. As such, it is clear that this publication is also likely to apprise defendants of this action.  Therefore, it is respectfully submitted that publication of the attached legal notices in the aforementioned publications comports with the legal requirements noted above and may properly be ordered by this Court along with a mailing to defendants Parenteau and Burfiendt, via regular mail, as effective service under Fed. R. Civ. Pro. 4(e)(1).  Additionally, plaintiffs request that the Court deem said service complete on the 28th day after the first publication, irrespective of whether the mailing via regular mail is returned.

In light of the foregoing, namely the length of time that is required to effect service by publication, Plaintiffs also request the Court grant an extension of time to complete the service under Fed. Rule Civ. Pro. 4(m), which normally requires that service be completed within 120 days of the filing of the action.  Here, plaintiffs' Complaint was filed on April 21, 2010.  Since that date, plaintiffs have diligently attempted to serve defendants Parenteau and Burfiendt, however, plaintiffs' attempts have been thwarted by defendants' evasion of service and deliberate refusal to accept service.  Such evasion and

Hon. David R. Homer
August 12, 2010
Page 4

deliberate refusal of service has been recognized as a proper ground to extend a party's time to serve process on a defendant.  See, Varela v. Velez, 814 F.2d 821, 823-24 (1st Cir. 1987).  Accordingly, plaintiffs request an additional sixty days to effect service on defendants Parenteau and Burfiendt by publication and regular mail as requested above.

                                          Respectfully submitted,

                                          S/
                                       John W. Bailey

JWB:mfv
Enclosures

So Ordered


_____
Hon. David R. Homer