EXHIBIT "E"



LEXSEE 2004 US DIST LEXIS 22541

**D.R.I., Inc., Plaintiff, - against - STAN DENNIS and NATIONAL GREEK NET-WORK, Inc., Defendants.**

**03 Civ. 10026 (PKL)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2004 U.S. Dist. LEXIS 22541*

**June 2, 2004, Decided
June 3, 2004, Filed**

**SUBSEQUENT HISTORY:** Magistrate's recommendation at *D. R. I., Inc. v. Dennis, 2006 U.S. Dist. LEXIS 85170 (S.D.N.Y., Aug. 3, 2006)*

**DISPOSITION:** [*1] Plaintiff's motion for permission to make alternate service granted.

**COUNSEL:** For D.R.I., Inc., Plaintiff: Paul A. Chin, Law Offices of Paul A. Chin, New York, NY.

**JUDGES:** Peter K. Leisure, U.S.D.J.

**OPINION BY:** Peter K. Leisure

**OPINION**

*MEMORANDUM ORDER*

   **LEISURE,** *District Judge:*

   Plaintiff moves the Court for an order permitting alternate service of the summons and complaint pursuant to *Rule 4 of the Federal Rules of Civil Procedure* and *New York CPLR section 308(5)*. Plaintiff attempted unsuccessfully to serve defendant Dennis at his last known address. Plaintiff, using a process server, performed a "skip trace" search on February 2, 2004, and has performed searches on the internet for defendant Dennis, to no avail. Although the skip trace searches uncovered two addresses for defendant, one of which is the address listed for defendant with the Department of Motor Vehicles, plaintiff's attempts to serve defendant at these addresses have been unsuccessful.

   Plaintiff now seeks to serve defendant by an alternative method. Plaintiff proposes sending copies of the complaint by certified mail to defendant Dennis's last known addresses, or publishing notice of the action in a local newspaper [*2] in the town of defendant's last known residence, or sending an e-mail to an e-mail address at which, according to plaintiff upon information and belief, defendant Dennis receives messages, or effectuating service by any other method that the Court deems proper.

   *New York CPLR section 308(5)* permits a plaintiff to serve the summons and complaint "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." The meaning of "impracticable" depends on the facts and circumstances of a particular case. *Rampersad v. Deutsche Bank Sec., Inc., 2003 U.S. Dist. LEXIS 7867, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003)*. In general, plaintiff "'must make some showing that the other prescribed methods of service could not be made.'" *SEC v. Nnebe, 2003 U.S. Dist. LEXIS 2443, 01 Civ. 5247, 2003 WL 402377, at *3-4 (S.D.N.Y. Feb. 21, 2003)* (quoting *Markoff v. South Nassau Community Hosp., 91 A.D.2d 1064, 1065, 458 N.Y.S.2d 672 (App. Div. 1983))*. When usual methods of service prove impracticable, service that is "reasonably calculated, under all the circumstances, to apprise [the] interested party of the pendency [*3] of the action" will suffice. *Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950); see Hollow v. Hollow, 193 Misc. 2d 691, 695-97, 747 N.Y.S.2d 704 (N.Y. Sup. Ct. 2002)*. Service by certified mail to a defendant's last

2004 U.S. Dist. LEXIS 22541, *

known address and by publication have been permitted as alternate forms of service reasonably calculated to apprise a defendant of an action. *See, e.g., Cordius Trust v. Kummerfeld Assocs., 2004 U.S. Dist. LEXIS 2810, No. 99 Civ. 3200, 2004 WL 357076, at \*6-7 (S.D.N.Y. Feb. 19, 2004)*; *Nnebe, 2003 U.S. Dist. LEXIS 2443, 2003 WL 402377, at \*3-4*; *Lenchyshyn v. Pelko Elec., Inc., 281 A.D.2d 42, 723 N.Y.S.2d 285, 287 (App. Div. 2001)*. Service of process by email alone, however, has been authorized only in rare circumstances. *See, e.g., Hollow, 193 Misc. 2d at 695-97*; *see also Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002)*.

Plaintiff has shown that service is impracticable under the methods specified by New York and Federal Rules of Civil Procedure. Plaintiff has attempted, through a process server to serve defendant Dennis at his last known addresses. Plaintiff has performed searches [*4] for defendant Dennis's address, including a search that revealed information about Dennis on file with the Department of Motor Vehicles. As these diligent efforts have proved unsuccessful, service of process on defendant Dennis pursuant to *CPLR sections 308(1), (2), (3), and (4)* are impracticable.

The Court grants plaintiff's motion for permission to make alternate service under *CPLR section 308(5)*.

Plaintiff is ordered to attempt service of process of the summons and complaint by all of the following methods: (1) by sending copies of the summons and complaint by certified mail, return receipt requested to defendant Dennis's last known addresses, both in Brooklyn, New York, and Edison, New Jersey; (2) by publication of the action in a local newspaper in Edison, New Jersey, once each week for four weeks following the entry of this order; and (3) by e-mailing a copy of the summons and complaint to the e-mail address that plaintiff states is used by defendant.

Plaintiff has also shown that good cause justifies its failure to effectuate service of process within 120 days of the filing of the complaint, and that an extension of time to permit alternate service will not likely prejudice [*5] defendant. Pursuant to *Rule 4(m) of the Federal Rules of Civil Procedure*, the Court therefore extends the time for plaintiff to effectuate service of the summons and complaint to thirty days after the entry of this order.

SO ORDERED.

June 2, 2004

Peter K. Leisure

U.S.D.J.