
LexisNexis®

LEXSEE 2008 US DIST LEXIS 77312

**Karleen Toni Remice, Plaintiff, - against - Michael Zenk, Warden of the Metropolitan Detention Center of New York, Dennis W. Hasty, Former Warden of the Metropolitan Detention Center of New York, John Doe, Captain, the Metropolitan Detention Center of New York, John Doe, Lieutenant, the Metropolitan Detention Center of New York, Randy Denjen, Former Lieutenant of the Metropolitan Detention Center of New York, Other John Does Not Yet Known, Nicole Hackett, United States of America, Federal Bureau of Prisons, and the Metropolitan Detention Center, Defendants.**

CV-03-286(CPS)(RML)

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

*2008 U.S. Dist. LEXIS 77312*

**September 30, 2008, Decided**
**October 1, 2008, Filed**

**SUBSEQUENT HISTORY:** Motion denied by *Remice v. Zenk, 2009 U.S. Dist. LEXIS 68164 (E.D.N.Y., Aug. 5, 2009)*

**COUNSEL:** [*1] For Karleen Toni Remice, Plaintiff: Brett H. Klein, LEAD ATTORNEY, Leventhal & Klein, LLP, Brooklyn, NY; Samuel Gregory, LEAD ATTORNEY, Lazarro & Gregory, P.C., Brooklyn, NY.

For Michael Zenk, Warden of the Metropolitan Detention Center of New York, Dennis W. Hasty, Former Warden of the Metropolitan Detention Center of New York, United States of America, Federal Bureau of Prisons, Metropolitan Detention Center, Defendants: Kathleen Anne Mahoney, LEAD ATTORNEY, United States Attorneys Office, Brooklyn, NY.

Randy Denjen, Former Lieutenant of the Metropolitan Detention Center of New York, Defendant, Pro se, Rochester, MN.

For Nicole Hackett, Defendant: Kathleen Anne Mahoney, United States Attorneys Office, Brooklyn, NY.

**JUDGES:** Charles P. Sifton, United States District Judge.

**OPINION BY:** Charles P. Sifton

**OPINION**

MEMORANDUM OPINION AND ORDER

SIFTON, Senior Judge.

Plaintiff Karleen Toni Remice commenced this action on January 16, 2003 seeking monetary relief against the following defendants: Michael A. Zenk, Warden of the Metropolitan Detention Center of New York; Dennis W. Hasty, Former Warden of the Metropolitan Detention Center of New York; Captain John Doe, Metropolitan Detention Center of New York; Lieutenant John Doe, [*2] Metropolitan Detention Center of New York; Randy Denjen, Former Lieutenant of the Metropolitan Detention Center of New York; Nicole Hackett, Former Guard of the Metropolitan Detention Center of New York, Metropolitan Detention Center of New York, Federal Bureau of Prisons, and other John Does not yet identified. Plaintiff alleges violations of her rights under the *Eighth Amendment* to be free from cruel and unusual punishment, assault and battery and intentional infliction of emotional distress against defendant Denjen. Plaintiff also alleges violations of her rights under the *Eighth Amendment* and negligence against defendants Zenk, Hasty, Captain John Doe, Lieutenant John Doe, Hackett, the Metropolitan Detention Center of New York, the

Federal Bureau of Prisons, and other John Does. Plaintiff seeks damages, attorney fees and costs.

Presently before the Court is defendant Denjen's motion to dismiss the complaint against him due to insufficient service of process and plaintiff's cross motion for a default judgement against defendant Denjen. For the reasons set forth below, both defendant Denjen's motion and plaintiff's cross motion are denied. Plaintiff is given 30 days from the date [*3] of this decision to serve defendant Denjen with the summons and complaint in this action.

## BACKGROUND

The following facts are drawn from the complaint and from the parties' submissions in connection with the motions. Disputes are noted.

Plaintiff Remice was incarcerated at the Metropolitan Detention Center in New York ("MDC") from a date preceding November 25, 2001 until January 11, 2002. Defendant Denjen was employed by the Bureau of Prisons ("BOP") with the rank of Lieutenant at the same facility. In that capacity he had control over plaintiff's person, housing, food, clothing and her rights and privileges as an inmate at the MDC.

On the morning of November 25, 2001, plaintiff alleges that Denjen forced her to perform numerous sexual acts [1] including non-consensual sexual intercourse, non-consensual oral sex, non-consensual touching of defendant Denjen's penis by plaintiff, non-consensual fondling of plaintiff's breasts, vulva and vagina and non-consensual touching consisting of defendant Denjen kissing plaintiff's mouth, face and breasts. During these sexual acts, another MDC guard allegedly looked into the cell where plaintiff and defendant Denjen were located, saw the plaintiff lying [*4] on a bed with her clothes on the floor and did not report the incident to anyone at the MDC. Defendant Denjen then brought the plaintiff to his office and again forced himself on her.

> 1   In his papers, defendant states that he was seduced by the plaintiff.

Plaintiff Remice subsequently informed prison officials and defendants Zenk, Hasty, Captain John Doe, Lieutenant John Doe, Hackett, and other John Does about the incident.

Defendant Denjen was thereafter arrested and arraigned on seven charges [2] in connection with his conduct on November 25, 2001. Defendant was remanded to the custody of the BOP during the pendency of the criminal proceedings. *See, United States v. Denjen*, 02-CR-155, Doc. # 3 (E.D.N.Y. Jan. 29, 2002).

> 2   *See, United States v. Denjen*, 02-CR-155 (E.D.N.Y. Jan. 29, 2002).

On October 17, 2002, defendant Denjen pleaded guilty to (1) knowingly and intentionally causing another person to engage in a sexual act by threatening and placing that other person in fear in violation of *18 U.S.C. § 2242* and (2) knowingly and wilfully making materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government [*5] of the United States in violation of *18 U.S.C. § 1001*. [3]

> 3   *See United States v. Randy Denjen*, No. 02-CR-155 (E.D.N.Y. Jan. 29, 2002).

At his plea, defendant Denjen stated that on November 21, 2001, at the MDC, he forced the plaintiff to engage in sexual acts with him by placing her in fear that if she did not agree to perform the sexual acts, she would face retaliation. Defendant Denjen further stated that he told plaintiff that he would file a false report against her which would result in sanctions or that he would cause her to spend time in disciplinary segregation.

At the time the complaint was filed on January 16, 2003, defendant was in the custody of the BOP awaiting sentencing [4]. On January 30, 2003, a licensed processed server delivered a copy of the summons and complaint to a BOP official, Michael Carden, an Administrative Assistant of the Legal Department at the MDC located at 100 29th Street, Brooklyn, NY 11232. The process server also mailed a copy of the summons and complaint to the defendant at the MDC. At that time, however, defendant was incarcerated at the Nassau County Correctional Center, located at 100 Carman Avenue, East Meadow, NY 11554. It is not disputed that defendant [*6] Denjen did not receive the summons and complaint that was delivered to the BOP or the copy mailed to him, although the mailed copy of the summons and complaint was not returned to plaintiff and the BOP did not inform plaintiff or the process server that defendant Denjen was not incarcerated at the MDC.

> 4   Defendant was sentenced on October 22, 2003 to 151 months for (1) knowingly and intentionally causing another person to engage in a sexual act by threatening and placing that other person in fear; and 60 months for (2) knowingly and wilfully making materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of government of the United States; the sentences are running concurrently. Incarceration will be followed by a period of supervised release of three years for each count, with the periods of supervised release to run concurrently.

2008 U.S. Dist. LEXIS 77312, *

*Notice of Default*

On February 13, 2004, plaintiff filed the process server's affidavit of service and a request with the Clerk of the Court seeking the entry of default against defendant Denjen on the ground that he had failed to timely answer or otherwise respond to the complaint. [*7] A copy of this request was mailed to defendant Denjen at the Nassau County Correctional Center. [5] *Remice v. Zenk, et al.*, 03-CV-286, Doc. # 16 (E.D.N.Y. Jan. 16, 2003). No response was received, and on April 27, 2004, the Clerk of the Court entered a Notation of Default against defendant Denjen.

> 5   Defendant Denjen was incarcerated at Nassau County Correctional Center from January 29, 2002 through February 11, 2004. On the morning of February 11, 2004, he was taken into federal custody and returned to Nassau County Correctional Center later that same day where he remained until February 19, 2004.

*Defendant's Deposition*

Defendant Denjen was moved to the Federal Medical Center in Rochester, Minnesota on April 12, 2005. In early 2007, defendant Denjen was notified that the parties in this action were seeking to depose him. In a letter dated May 3, 2007, defendant Denjen requested that he be provided with legal representation in connection with this matter. Magistrate Judge Levy denied defendant's request without prejudice to its renewal upon a showing of merit.

On September 24, 2007, defendant Denjen, proceeding pro se, filed the present motion to dismiss the complaint against him on the ground  [*8] of improper service of process.

On October 16, 2007, defendant Denjen was deposed. At his deposition, defendant Denjen stated that he first became aware of the complaint in this case in 2003 when he saw the "tort claim in the paperwork" that his attorney in the criminal case gave him. (Deposition of Randy Denjen 173:13-21, Oct. 16, 2007.) His attorney also told him that a civil lawsuit based on his underlying criminal action could be expected. (Denjen Dep. 174:1-3.) At some time later [6], defendant Denjen learned that there was "an action" in federal court. (Denjen Dep. 173:22-24.)

> 6   It is unclear from the deposition transcript exactly when defendant Denjen learned there was a civil action pending which stemmed from his criminal conviction.

## DISCUSSION

*Rule 12(b)(5) of the Federal Rules of Civil Procedure* authorizes dismissal of a complaint for insufficient service of process, upon motion by a defendant made prior to the defendant's filing an answer in a case. [7] *Fed. R. Civ. P. 12(b)(5)*. When a defendant raises a challenge to the sufficiency of service of process, "the plaintiff bears the burden of proving its adequacy." *Preston v. New York, 223 F.Supp.2d 452, 466 (S.D.N.Y. June 27, 2002)*.

> 7   Defendant  [*9] Denjen moved this Court to dismiss the action as to him because he was not served with the summons and complaint. Defendant did not state the rule under which he brings this motion. A motion to dismiss for lack of service is properly brought under *Rule 12(b)(5) of the Federal Rules of Civil procedure*.

"It is clear that the individual defendants must be served in a *Bivens* [8] case in accordance with [*Federal Rules of Civil Procedure] Rule 4(e)*." *Armstrong v. Sears, 33 F.3d 182, 186 (2d Cir. 1994)*. *Rule 4(e)* states:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Fed. R. Civ. P. 4(e)*.

8   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)*   [*10] (permitting private citizens to sue government agents, in their individual capacities, in tort actions for money damages stemming from Constitutional violations).

Plaintiff argues that defendant Denjen was served in accordance with New York law, and thus in accordance with *Rule 4(e) of the Federal Rules of Civil Procedure*.

Service in New York State is governed by *C.P.L.R. § 308* which, in relevant part, states:

> Personal service upon a natural person shall be made by any of the following methods:
>
> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or the usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his actual place of business in an envelope bearing the legend "person and confidential" . . . such delivery and mailing to be effected within twenty days of each other; proof of service shall be filed with the clerk of the court designated in the summons within twenty   [*11] days of either such delivery or mailing . . .

*N.Y. C.P.L.R. § 308.* Here, the parties agree that defendant Denjen was not served in accordance with *N.Y. C.P.L.R. § 308(1).*

Plaintiff's argument that service was proper under *N.Y. C.P.L.R. § 308(2)* because a person of suitable age and discretion accepted service at the MDC, defendant Denjen's "actual" place of business or dwelling place or "usual" place of abode, is contrary to the plain meaning of the statute, and, in any event, must be rejected for lack of proof. Defendant was not being held at the MDC at the time of service of process, so it was not his actual dwelling, and at the time of service he was no longer working at the MDC. Whether the MDC could be characterized as defendant's "usual" place of abode can not be determined in the absence of evidence as to the circumstances under which he was transferred to the custody of Nassau County by the BOP. Therefore, defendant

Denjen was not served in accordance with *N.Y. C.P.L.R. § 308(2).*

Nor was defendant properly served under New York State Correction Law *§ 620* which permits service upon an inmate in prison by serving a person of suitable age and discretion at the prison. The statute   [*12] states:

> An officer to whom a paper in a civil judicial proceeding is delivered, in compliance with the requirements for service of the paper upon a prisoner in his custody, shall note thereon the date and time of its receipt and forthwith deliver it to the prisoner. The officer is liable to the prisoner for any damages resulting from a violation of this section.

*N.Y. Correction Law § 620.* Plaintiff's process server delivered the summons to a staff member at the MDC, Michael Carden, an Administrative Assistant of the Legal Department. At the time of delivery, however, defendant Denjen was not in the custody of any official at the MDC.

Alternatively, plaintiff asks that her time to effect service be extended pursuant to *Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m)* states, in pertinent part:

> If a defendant is not served with 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Fed. R. Civ. P. 4(m).*

Plaintiff   [*13] gives four reasons in support of "good cause" for delay: (1) plaintiff was diligent in effecting service; (2) defendant was on notice of the claims brought against him; (3) defendant suffered no prejudice; and (4) plaintiff would be severely prejudiced if defendant's motion was granted because the statute of limitations would bar plaintiff from refiling this action against defendant Denjen.

There are two factors to consider when determining whether good cause exists: (1) whether the plaintiff acted reasonably and diligently in her efforts to serve the de-

fendant; and (2) whether the defendant was prejudiced by the delay in service. *Lab Crafters, Inc. v. Flow Safe, Inc., et. al., 233 F.R.D. 282, 284 (E.D.N.Y. May 5, 2005).* Good cause is found only in exceptional circumstances. *Id.* To satisfy the first factor, "plaintiff must show more than mere attorney inadvertence, neglect, or mistake." *Id.* (internal quotations and citations omitted). "Reliance upon a third party or process server to effect service is insufficient to merit a finding of good cause or an extension of time for service." *Id., at 285.*

With respect to the first factor, plaintiff argues that she acted reasonably and diligently [*14] by serving defendant Denjen within the time set out in *Rule 4(m) of the Federal Rules of Civil Procedure*, at the MDC. She further contends that she had no notice of the insufficiency of the service until defendant Denjen filed this motion because the MDC never informed the process server that defendant was not being held at the MDC and the copy of the mailed summons and complaint was not returned to the sender. However, plaintiff was not diligent in effecting service upon defendant at the proper prison. "Efforts to effect personal service "in hand" [in New York State] . . . must be diligent and not perfunctory." *Warner Bros. Records, Inc. v. Berry, No. 07-CV-1092, 2008 U.S. Dist. LEXIS 28373, 2008 WL 1320969 at *3 (S.D.N.Y. Apr. 9, 2008).* A diligent person would confirm the actual location of a defendant prior to, and at the time of, effecting service, and in this case would have found out that defendant Denjen was at the Nassau County Correctional Center. The BOP releases information about the location of prisoners in its custody to the public. *See* http://bop.gov/inmate_locator/aboutInmateLocator.jsp (last visited Sept. 24, 2008) (instructions on how to locate federal inmates who are currently incarcerated or [*15] who have been released since 1982); and http://bop.gov/inmate_locator/inmates_b4_1982.jsp (last visited Sept. 24, 2008) (instructions on how to locate federal inmates released prior to 1982). Plaintiff's attorney and process server both neglected to confirm defendant's place of incarceration.

Since the plaintiff's efforts to effect service on defendant Denjen were not diligent, she has not shown "good cause" to warrant an extension of time to complete proper service.

### Discretionary Extension for Service of Process

Where good cause is not found to allow an extension of service of process, the Court may, in its discretion, extend the time for the plaintiff to complete service of process upon a defendant. *Hertzner v. United States Postal Service, No. 05-CV-2371, 2007 U.S. Dist. LEXIS 19691, 2007 WL 869585 (E.D.N.Y. Mar. 20, 2007).* The factors a court considers in deciding whether to exercise its discretion and extend time to complete service of process are: (1) whether statutes of limitations would bar the refiling of this action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would [*16] be prejudiced by extending the time for service. *Id.*

As to the first factor, the statute of limitations would bar plaintiff from refiling the action against defendant Denjen. "[C]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a *Rule 4(m)* analysis." *Beauvoir v. United States Secret Service, 234 F.R.D 55, 58 (E.D.N.Y. Mar. 15, 2006).* Therefore, this factor weighs in favor of the plaintiff.

The second factor does not weigh in favor of either party. Defendant admitted at his deposition that he was aware that there was a "tort claim" relating to his criminal conviction, but he also stated that he never received a copy of the complaint. (Denjen Dep. 173:13-174:5.) His attorney also told him that a civil lawsuit based on his underlying criminal action was forthcoming. (Denjen Dep. 174:1-3.) At some later time, defendant Denjen learned that there was "an action" in federal court. (Denjen Dep. 173:22-24.) Defendant became aware of this action at some point, but it is not clear when he learned of it. While defendant did not have actual notice of the claims filed against him, he was on notice of the [*17] existence of a civil claim for damages arising out of the same circumstances as those which led to his criminal conviction. Under these circumstances, this factor does not weigh in favor of either party.

The third factor is not applicable in this case because the defendant has yet to be served. [9] *See Beauvoir v. United States Secret Service, 234 F.R.D at 59.*

> 9   With respect to the third factor, plaintiff argues that defendant Denjen concealed that he was not served in this action. Case law interprets this factor to mean whether there was a defect in service on a person who was served, not whether a named defendant was ever served in an action. *See Beauvoir, 234 F.R.D. at 59.*
>
> *However*, if plaintiff's interpretation of this factor was correct, this factor would then favor the defendant, as there is no evidence of defendant Denjen's attempt to conceal the improper service.

The fourth factor weighs in favor of the plaintiff. Defendant argues that he was prejudiced by the delay in service because: (1) he is being treated for acute depression at the Federal Medical Facility in Rochester, Minnesota; (2) his family has abandoned him; (3) he has not

communicated with any witnesses in over 3 years; [*18] and (4) his lawyer has been dismissed and the court has denied him counsel.

Defendant has not offered any explanation as to how his mental state will hinder his ability to defend himself in this case, or what connection his mental state has with the delay in service of process. Nor has defendant stated how earlier service of process would have altered the circumstances which led to his family's abandoning him. Nor does defendant explain why he is now incapable of contacting his witnesses, nor who these witnesses are or what they have to say in his defense.

Defendant Denjen's final contention is that he is prejudiced because he has no counsel. An indigent party in a civil case may, as defendant Denejen has, request that counsel be appointed. *See Cooper v. A. Sargenti Co., 877 F.2d 170, 171-172 (2d Cir. 1989)*. However, in order for a court to appoint counsel, the defendant must make a showing that his position is likely to be one of substance. *Id.* Defendant has not made that showing, although invited to do so by Magistrate Judge Levy when he denied defendant Denjen's request for appointment of counsel without prejudice to its renewal upon such a showing. *Remice v. Zenk, et al.*, 03-CV-286, [*19] Order dated May 11, 2007 (E.D.N.Y. Jan. 16, 2003).

Because the first and fourth factors weigh in favor of the plaintiff, the second factor is neutral and the third factor is not applicable, I exercise my discretion to allow the plaintiff to serve defendant Denjen with the summons and complaint in this action within 30 days of the date of this decision. *Fed. R. Civ. P. 4(m)*; *Hertzner, 2007 U.S. Dist. LEXIS 19691, 2007 WL 869585*.

Plaintiff's cross motion for entry of default judgment against defendant Denjen, pursuant to *Rule 55(b) of the Federal Rules of Civil Procedure*, which allows a court to enter a default when a party "fails to plead or otherwise defend an action," is denied. *Fed. R. Civ. P. 55(a), (b)*. An entry of default should be made only where there was willful default, involving more than a failure to answer as a result of negligence or carelessness. *See SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1988)*. Here, defendant Denjen was never served with the summons and complaint. Because he was not served, he did not answer. Therefore, he did not willfully fail to answer. *Id.* Accordingly, plaintiff's cross motion for default is denied.

## CONCLUSION

For the reasons set forth above, both defendant Denjen's motion   [*20] and plaintiff's cross motion are denied. Plaintiff is given 30 days from the date of this decision to serve defendant Denjen with the summons and complaint in this action. The Clerk is hereby directed to transmit a copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated: Brooklyn, NY

September 30, 2008

By: /s/ Charles P. Sifton

United States District Judge