**BAILEY, KELLEHER & JOHNSON, P. C.**
ATTORNEYS AT LAW
PINE WEST PLAZA 5, SUITE 507
WASHINGTON AVENUE EXTENSION
ALBANY, NEW YORK 12205
TELEPHONE: (518) 456-0082
FACSIMILE: (518) 456-4767
www.bkjlaw.com

| | |
|---|---|
| John W. Bailey | Vincent J. DeLeonardis |
| Nannette R. Kelleher | Crystal R. Mennillo |
| Thomas J. Johnson | Catherine P. Ham |
| | Dinna Eskin-Colon |
| | Marc J. Kaim |
| | Aaron E. Connor |
| | William T. Little |

September 27, 2010

**Via Electronic Filing**
Hon. David R. Homer
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

    Re:    County of Ulster et. al, v. Richard Enrique Ulloa, et. al.
           Case No.:    1:10-cv-00467 (TJM/DRH)
           Our File No.: 995-TR10

Dear Judge Homer:

The undersigned represent the plaintiffs in the above-noted matter. Please accept the following as plaintiffs' Letter Motion requesting the Court authorize service with regard to defendant Parenteau under Federal Rule of Civil Procedure 4(e)(1) and NY CPLR § 308(5) in connection with N.Y. Correction Law § 620.

As the Court is aware, plaintiffs have made several attempts to serve defendant Parenteau with the Complaint filed against him. See, Dkt. 27 & 34. However, all service efforts to date have been unsuccessful. Recently, however, it has come to the undersigned's attention that defendant Parenteau will not be returning to the area any time soon. In fact, the docket in the criminal case against Mr. Parenteau (10-cr-320) states that he will remain at Metropolitan Correctional Center until October 10, 2010. Accordingly, plaintiffs request the Court permit service under the above-noted provisions.

Hon. David R. Homer
September 27, 2010
Page 2

More specifically, N.Y. Correction Law section 620 permits service of process in a civil matter upon an officer of a prison where the inmate is housed at the time of service. The officer is then required to deliver the process to the inmate. Any failure to do so renders the prison officer liable for damages sustained as a result of the failure to deliver the papers served. Notably, if properly effected, service as noted above will suffice under the Federal Rules. See, Remice v. Zenk, 2008 U.S. Dist. Lexis 77312 (E.D.N.Y. 2008). As such, plaintiffs respectfully request permission to serve defendant Parenteau by delivery of the Summons and Complaint to an official at Metropolitan Correctional Center. It should be noted that if this request is granted, plaintiffs anticipate that service will be made prior to the current service deadline, which is October 15, 2010.

Thank you for your consideration of this matter.

                        Respectfully submitted,

                        S/

                        John W. Bailey

JWB:vaf
Enclosure

*So Ordered:*

*[signature: David R. Homer]*
Hon. David R. Homer
9/28/10