UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COUNTY OF ULSTER, NEW YORK
THE TOWN OF LLOYD, NEW YORK,
TOWN OF ROSENDALE, NEW YORK,
TOWN OF ULSTER, NEW YORK,
DARRELL DAY, EUGENE J. RIZZO, DANIEL
M. MARTUSCELLO, HEATHER BLUME, ANTHONY
KALIMERAS, KATHLEEN BURNS, JEFF COHEN,
DAVID M. ACKERT, AMY SHUMAN, ROBERT          Civil Case No.:
VOSPER, JOSHUA CALIENDO, BEATRICE
HAVRANEK, EILEEN B. KATATSKY,                1:10-cv-00467
NINA POSTUPACK, NEREIDA VEYTIA,              (TJM/DRH)

                 Plaintiffs,

   -against-

RICHARD ENRIQUE ULLOA, SARA ULLOA,
JEFFREY-CHARLES BURFEINDT,
ED-GEORGE PARENTEAU, RAYMOND TOMPKINS,
KATHERINE A. CAIRO DAVIS, KATHY STEINHILBER,

                 Defendants.

---

## MEMORANDUM OF LAW

---

Dated:  November 24, 2010       Bailey, Kelleher & Johnson, P.C.


By:____S/_____
        John W. Bailey
      Bar Roll No.: 101069
      Attorneys for Plaintiffs
      Pine West Plaza 5, Suite 507
      Washington Avenue Extension
      Albany, NY 12205
      (518) 456-0082

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS & PROCEDURAL HISTORY ........................................... 1

ARGUMENT ........................................................................................................................ 2

      A.    Legal Standard ................................................................................ 2

POINT I    THE CONTRACTS CLAUSE HAS NO APPLICATION TO THIS ACTION ............................................................................. 2

      A.    Lack of Enforceable Contract ......................................................... 3

      B.    Lack of State Action Impairing Any Contract ................................ 4

POINT II    THE COURT HAS ORIGINAL JURISDICTION IN THIS CASE ..................................................................................... 5

POINT III    PLAINTIFFS ARE NOT REQUIRED TO PROVE THEIR CLAIMS AT THE PLEADING STAGE ....................................... 6

CONCLUSION ................................................................................................................... 7

TABLE OF AUTHORITIES

Federal Cases

Allstate Ins. Co. v. Seigel,
312 F.Supp.2d 260 (D. Conn 2004) ................................................................. 2

Conley v. Gibson,
355 U.S. 41, 45-46 (1957) ............................................................................... 2

Taylor v. Vermont Dep't of Educ.,
313 F.3d 768, 776 (2d. Cir. 2002) ................................................................... 2

Sweet v. Sheahan,
235 F.3d 80, 83
(2d Cir. 2000) ................................................................................................... 2

Sal Tinnerello & Sons, Inc v. Town of Stonington,
141 F.3d 46, 52 (2d Cir. 1998) ....................................................................... 4

Yankee Atomic Elec. Co. v. U.S.,
112 F.3d 1569, 1577 (Fed. Cir. 1997) ............................................................ 4

Accord., McNeil v. U.S.,
78 Fed. Cl. 211, 225 (Fed. Cl. 2007) .............................................................. 4

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ................................. 5

Faraldo v. Kessler, 2008 U.S. Dist. LEXIS 5367 (E.D.N.Y. 2008) .............. 5

Int'l Gemmological Inst v. Rafeil,
2005 U.S. Dist. LEXIS 19288 at *9-*10 (S.D. N.Y. 2005) ........................... 6

 Eastman Kodak Co. v. Camarata,
2006 U.S. Dist. LEXIS 88206, *14 (W.D.N.Y. 2006) ................................... 6

Levine v. Torino Jewelers,
2006 U.S. Dist. LEXIS 11932 (S.D.N.Y. 2006) ............................................ 6

Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C.,
2009 U.S. Dist. Lexis 91291 (E.D.N.Y. 2009) .............................................. 7

Moss v. Morgan Stanley, Inc.,
719 F.2d 5, 17 (2d Cir. 1983) ........................................................................... 7

## State Cases

Wild v. Hayes,
68 A.D.3d 1412, 1414 (3d Dep't 2009) ............................................................. 3

Edelman v. Poster,
72 A.D.3d 182, 184 (1st Dep't 2010) ................................................................. 3

Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher,
52 N.Y.2d 105, 109 (1981) ................................................................................ 3

Express Indus. & Terminal Corp. v. New York State DOT,
93 N.Y.2d 584, 589 (1999) ............................................................................... 3

## Federal Statutes

U.S. Constitution, Art. I, § 10 ............................................................................ 4

28 U.S.C. § 1332 ............................................................................................... 5

28 U.S.C. § 1367(a) ........................................................................................... 5

28 U.S.C. § 1367(b) ........................................................................................... 5

18 U.S.C. § 1962 ............................................................................................... 6

18 U.S.C. § 1341 ............................................................................................... 7

18 U.S.C. § 1343 ............................................................................................... 7

## PRELIMINARY STATEMENT

Plaintiffs, by and through their attorneys, Bailey, Kelleher & Johnson, P.C., submit the following Memorandum of Law in Opposition to Defendant Parenteau's Motion to Dismiss the Complaint filed on or about October 29, 2010.

While it is difficult to discern the umbrage taken by Defendant Parenteau in the document he filed which has been interpreted by the Court as a motion to dismiss, it is relatively clear that Parenteau is requesting dismissal based upon the Contracts Clause of the United States Constitution, lack of subject matter jurisdiction and lack of proof of the allegations contained in the Complaint.  As detailed below, none of the supposed grounds for defendant Parenteau's Motion provide an adequate basis upon which the Court may properly dismiss plaintiffs' Complaint.  Specifically, the Contracts Clause has no application here given the lack of a legally binding contract and/or the lack of state action substantially impairing any such contract.  Further, subject matter jurisdiction is beyond question in this case as plaintiffs' have sued pursuant to federal statute thus properly invoking federal question jurisdiction.  Furthermore, defendant Parenteau's position that plaintiffs must prove the allegations in the Complaint prior to discovery misstates applicable law.  Accordingly, defendant Parenteau's Motion to Dismiss lacks merit and should be denied in its entirety.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

Plaintiffs' filed their Complaint on or about April 21, 2010.  Ex. "A".  Plaintiffs' Complaint contains several causes of action, including a Civil RICO cause of action predicated upon mail and/or wire fraud, a RICO conspiracy cause of action premised

1

upon the same predicate acts and several state-law based causes of action related to the conduct that forms the basis of the RICO claims.  Plaintiffs' filed their Civil RICO statement, as required by Local Rule 9.2 on June 30, 2010.  See, Dkt. 18. Defendant Parenteau filed a Motion to Dismiss Plaintiffs' claims against him on or about October 29, 2010.  See, Dkt. 49. Thus far, no discovery has taken place.  Affidavit of John W. Bailey, Esq., ¶4.

## ARGUMENT

### A.   Legal Standard

When ruling upon a motion to dismiss, the court "must accept the factual allegations contained in the ….complaint and exhibits attached thereto as true and draw all reasonable inferences in favor" of the nonmoving party.  Allstate Ins. Co. v. Seigel, 312 F.Supp.2d 260 (D. Conn 2004) citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d. Cir. 2002).  "Dismissal is appropriate only when it appears beyond a doubt that plaintiff can prove no set of facts which would entitle him or her to relief".  Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).

## POINT I

### THE CONTRACTS CLAUSE HAS NO APPLICATION TO THIS ACTION

Defendant Parenteau has moved to dismiss plaintiffs' claims against him based upon the Contracts Clause of the United States Constitution.  However, this argument lacks merit for several reasons, most notably the lack of any valid contract between the relevant plaintiffs and defendant Parenteau.  Defendant Parenteau's argument also fails to

2

provide a basis for dismissal of plaintiffs' Complaint since, assuming, *arguendo*, a contract between the parties existed, the Contracts Clause does not apply because Parenteau has failed to show any state action resulting in a substantial impairment of the parties alleged contractual rights.

### A.  Lack of an Enforceable Contract

Under New York, it is well settled that a binding contract must contain "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all materials terms". <u>Wild v. Hayes</u>, 68 A.D.3d 1412, 1414 (3d Dep't 2009) (internal citations and quotations omitted); <u>See also</u>, <u>Edelman v. Poster</u>, 72 A.D.3d 182, 184 (1st Dep't 2010) ("under New York law, an enforceable contract requires mutual assent to its essential terms and conditions").  Moreover, New York courts have also noted that there is a "freedom not to contract" and that before a party may seek redress in court due to an alleged failure by another to honor a promise, "it must appear that the promisee assented to the obligation in question". <u>Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher</u>, 52 N.Y.2d 105, 109 (1981).  Where evidence of a meeting of the minds is lacking regarding material terms, no contract exists. <u>Wild</u>, 68 A.D.3d at 1414.  To determine whether a legally binding contract exists, a court examines the offer and the acceptance to see if there was an "objective meeting of the minds". <u>Express Indus. & Terminal Corp. v. New York State DOT</u>, 93 N.Y.2d 584, 589 (1999).

In this instance, the purported contract or contracts consist of several documents mailed by defendant Parenteau stating that Plaintiffs' had damaged him.  Specifically, a "Demand for Payment", a "Second Notice of Fault and Demand for Payment" and a

"Final Demand for Payment" were sent by Parenteau to plaintiffs Town of Lloyd, Rizzo, Blume and Martuscello. According to defendant Parenteau, these documents were self-executing and formed a contract between him and the plaintiffs' noted above. Critically, however, is the lack of evidence of any acceptance of Parenteau's terms by plaintiffs, such as a letter agreeing to his terms. As such, Parenteau has failed to show the required mutual assent. Therefore, no contract was formed and the Contract Clause simply does not apply. Accordingly, Parenteau's Motion to Dismiss must be denied.

### B.  Lack of State Action Impairing Any Contract

Defendant Parenteau's citations to the Contracts Clause additionally lack efficacy due to the absence of any state action impairing a contract in this case. Assuming *arguendo*, that the court found a legally binding contract existed between the parties, defendant Parenteau must then point to a substantial impairment of contractual obligations based upon state (as opposed to federal) action. Specifically, the Clause in questions states "no state shall…. pass any…. law impairing the obligation of contracts". U.S. Constitution, Art. I, § 10. Notably, while the clause appears to be phrased in "absolute terms", courts have attempted to "harmonize the command of the Clause with a state's police power to protect its citizens". Sal Tinnerello & Sons, Inc v. Town of Stonington, 141 F.3d 46, 52 (2d Cir. 1998) (internal citations and quotations omitted). Correlatively, the clause is then not violated unless the contractual impairment is substantial. Id. Importantly, the Contract clause has no application to the Federal Government. Yankee Atomic Elec. Co. v. U.S., 112 F.3d 1569, 1577 (Fed. Cir. 1997); Accord., McNeil v. U.S., 78 Fed. Cl. 211, 225 (Fed. Cl. 2007).

4

Here, defendant Parenteau has failed to identify any state action impairing the contract or contracts he alleges exist between himself and plaintiffs Town of Lloyd, Rizzo, Blume and Martuscello.  In fact, Parenteau points to this lawsuit, which is based upon federal law, as impairing his alleged contractual rights.  See, Dkt. 49, ¶1.  Yet, as noted above, the Contracts Clause has no application to the Federal Government and the RICO statute at issue herein.  Therefore, even if a contract between the parties existed, the Contracts Clause could not serve as a basis for dismissal of plaintiffs' claims.  As such, defendant Parenteau's Motion should be denied.

## POINT II

### THE COURT HAS ORIGINAL JURISDICTION IN THIS CASE

It appears that defendant Parenteau also is arguing that this Court lacks jurisdiction to hear this case (See, Dkt. 49, ¶ 1), nonetheless, plaintiffs' have properly invoked the jurisdiction of this Court.

At the most basic level, a federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States".  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Such jurisdiction is widely known as "federal question jurisdiction".  Id.  Federal courts also have jurisdiction over claims between citizens of different states that satisfy the requisite amount in controversy.  See generally, 28 U.S.C. § 1332; Faraldo v. Kessler, 2008 U.S. Dist. LEXIS 5367 (E.D.N.Y. 2008). Such jurisdiction is usually referred to as "diversity jurisdiction".  When federal question jurisdiction exists, the Court has the ability to hear related state-

5

law claims pursuant to 28 U.S.C. § 1367(a).   Subject to certain strictures, supplemental

jurisdiction is available in diversity jurisdiction cases as well.  28 U.S.C. § 1367(b).

In this case, plaintiffs' Complaint alleges defendants violated federal law,

specifically, 18 U.S.C. § 1962.  See, Ex. "A", ¶ 28.  This is sufficient for purposes of

subject matter jurisdiction.  Int'l Gemmological Inst v. Rafeil, 2005 U.S. Dist. LEXIS

19288 at *9-*10 (S.D. N.Y. 2005) (holding court had subject matter jurisdiction over

Civil RICO claim under federal question jurisdiction and supplemental jurisdiction over

pendant state law claims).  Plaintiffs have also utilized supplemental jurisdiction with

regard to the pendant state-law claims sounding in abuse of process and prima facie tort,

as authorized by § 1367.  Id.; Ex. "A", ¶ 28, 189-208.  Accordingly, defendants' Motions

to Dismiss based upon lack of subject matter jurisdiction should be denied.

## POINT III

### PLAINTIFFS ARE NOT REQUIRED TO PROVE THEIR CLAIMS AT THE PLEADING STAGE

Defendant Parenteau also requests dismissal of plaintiffs' Complaint due to their

alleged failure to prove the claims set forth therein.  See, Dkt. 49, ¶¶ 5,7.  However, at

this stage it is not plaintiffs' burden to prove anything; rather, plaintiffs' burden is merely

to properly allege a cognizable claim.  Eastman Kodak Co. v. Camarata, 2006 U.S. Dist.

LEXIS 88206, *14 (W.D.N.Y. 2006) (denying defendants' motion to dismiss Civil RICO

claims); See also, Levine v. Torino Jewelers, 2006 U.S. Dist. LEXIS 11932 (S.D.N.Y.

2006) (denying vast majority of defendants' motion to dismiss plaintiff's Civil RICO

6

claims and noting question on a motion to dismiss pertains to allegations not proof of those allegations).

As stated in greater detail in plaintiffs' Complaint and Civil RICO Statement, plaintiffs have alleged violations of § 1962, detailed the injuries related thereto, including, but not limited to, the expenditure of funds due to the actions of defendants, negative impacts on their credit reports or histories and restrained in the alienability of their real property.  See e.g., Ex. "A", ¶ 129-160; Ex. "B" ¶ 4.  These injuries are palpable and ongoing.  The injuries noted above were caused by defendants' actions in filing liens, sending demands for payments and creating false judgments- all of which was in violation of 18 U.S.C. § 1341 or § 1343, the predicates acts alleged herein.  See e.g., Ex. "A", ¶ 137; 154; 169. Accordingly, plaintiffs have properly alleged their RICO claim and defendant Parenteau's Motion to Dismiss should be denied.  Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C., 2009 U.S. Dist. Lexis 91291 (E.D.N.Y. 2009) citing Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983) (stating elements of a RICO claim).

## CONCLUSION

Based upon all of the foregoing, it is respectfully submitted that defendant's Parenteau's Motion to Dismiss Plaintiffs' Complaint should be denied in its entirety.