UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COUNTY OF ULSTER, NEW YORK
THE TOWN OF LLOYD, NEW YORK,
TOWN OF ROSENDALE, NEW YORK,
TOWN OF ULSTER, NEW YORK,
DARRELL DAY, EUGENE J. RIZZO, DANIEL
M. MARTUSCELLO, HEATHER BLUME, ANTHONY
KALIMERAS, KATHLEEN BURNS, JEFF COHEN,
DAVID M. ACKERT, AMY SHUMAN, ROBERT
VOSPER, JOSHUA CALIENDO, BEATRICE
HAVRANEK, EILEEN B. KATATSKY,
NINA POSTUPACK, NEREIDA VEYTIA,

**ATTORNEY AFFIDAVIT**

Civil Action No.:
1:10-cv-00467

(TJM/DRH)

Plaintiffs,

-against-

RICHARD ENRIQUE ULLOA, SARA ULLOA,
JEFFREY-CHARLES BURFEINDT,
ED-GEORGE PARENTEAU, RAYMOND TOMPKINS,
KATHERINE A. CAIRO DAVIS, KATHY STEINHILBER,

Defendants.

---

STATE OF NEW YORK        }
                         }ss.:
COUNTY OF ALBANY         }

**JOHN W. BAILEY, ESQ**. being duly sworn deposes and says:

1.  I am an attorney duly licensed to practice in the Courts of the State of New York and a principal with the law firm of Bailey, Kelleher & Johnson, P.C., attorneys for Plaintiffs in this matter. As such, I am fully familiar with the facts and circumstances of this case.

2. I submit this Affidavit and accompanying Memorandum of Law in opposition to the Motion to Dismiss filed by defendant Ed-George Parenteau.  <u>See</u>, Dkt. 49.

3. The following exhibits are attached hereto and made part of this Affidavit:

    a.    **Exhibit "A"**: Plaintiffs' Complaint;

    b.    **Exhibit "B"**: Plaintiffs' Civil RICO Statement;

    c.    **Exhibit "C"**: Cases cited in Plaintiffs' Memorandum of Law reported only in electronic format.

4. Plaintiffs commenced this action via Summons and Complaint on or about April 21, 2010.  Plaintiffs' filed their Civil RICO Statement in compliance with Local Rule 9.2 on June 30, 2010.  Following service of the Complaint, defendant Ed-George Parenteau has moved to dismiss Plaintiffs' allegations against him.  No discovery has taken place.

5. For the reasons detailed more fully in accompanying Memorandum of Law, it is respectfully submitted that the Court should deny Defendant's Motion to Dismiss Plaintiff's Complaint.  Specifically, defendant Parenteau has cited the Contract Clause of the United States Constitution in support of his motion, argues that jurisdiction has not been established and that Plaintiffs have failed to prove the allegations in their Complaint.

6. Simply stated, defendant Parenteau's motion lacks merit.  Notably, the Contracts Clause has no application here since there is no legally binding contract between the parties.  Further, assuming there were a contract in place between defendant

2

Parenteau and some or all of Plaintiffs, the contracts clause would have no application because by its very terms it only applies to State action that impairs contract rights. See, Memorandum of Law, Point I. Accordingly, the Contracts Clause provides no basis to dismiss Plaintiffs' Complaint.

7. With regard to jurisdiction, it is clear from Plaintiffs' Complaint that the Court has original jurisdiction because Plaintiffs' Complaint sounds in Civil RICO which is a Federal statute. See, Exhibit "A", ¶1. Specifically, jurisdiction is conferred by 28 U.S.C. § 1331. Plaintiffs also have utilized supplemental jurisdiction for additional pendant State law claims under 28 U.S.C. § 1367. Therefore, jurisdiction is present and defendant's motion should be denied.

8. Lastly, it is clear at the pleadings stage that Plaintiffs are not required to prove the claims they have alleged. Upon a Motion to Dismiss, the only question is whether Plaintiffs have properly pleaded the elements of the Civil RICO cause of action and as detailed in Plaintiff's of Law, Plaintiffs have satisfied the relevant pleadings standards. Accordingly, defendant Parenteau's motion is properly denied.

9. Based upon all of the foregoing and the accompanying Memorandum of Law, it is respectfully submitted that the Court should deny defendant's Motion to Dismiss in their entirety.

_____
John W. Bailey

Sworn to me this
24 day of November, 2010

_____
Notary Public

KATHLEEN A. CURLEY
Notary Public, State of New York
No. 4690514
Qualified in Albany County
Commission Expires November 30, 20 13