**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**COUNTY OF ULSTER, NEW YORK,**
*et al.,*

                                        **Plaintiffs,**

        **-against-**                                        **10-CV-467**


**RICHARD ENRIQUE ULLOA,**
*et al.,*

                                        **Defendants.**


_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**



                              **DECISION & ORDER**

**I.      INTRODUCTION**

        Plaintiffs commenced this action asserting claims pursuant to the civil Racketeer

Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq.* ("RICO") , and New

York state law.  Now before the Court are motions by Defendants Sara Ulloa, Richard

Enrique Ulloa, and Ed-George Parenteau seeking to dismiss the claims against them.

Plaintiffs have opposed the motions. The Court will address the motions and the various

arguments raised therein *seriatim.*

**II.     BACKGROUND**

        Plaintiffs assert that defendants engaged in an on-going association-in-fact through

                                        1

which defendants committed, aided, assisted, or conspired to commit mail and/or wire fraud in an attempt to wrongfully obtain money or property from Plaintiffs.  In this regard, Plaintiffs assert that Defendants sent or caused to be sent mailings and/or wires consisting of  "criminal complaints," "invoices," "demands for payment," and "judgments" that contained materially false statements, including, but not limited to, that Plaintiffs owed Defendants money for various activities or governmental functions.  Defendants then filed judgments and liens based upon the these false "invoices," "demands for payment," and other documents as part of a scheme to defraud plaintiffs' of their interest in their money or property in violation of 18 U.S.C. §§ 1341 & 1343.  Plaintiffs assert that Defendants' actions caused Plaintiffs to expend funds in response to and in defense of Defendants' fraudulent activity; negatively impacted Plaintiffs' creditworthiness including their ability to obtain lines of credit, loans, etc.; restrained the alienability of Plaintiffs' real property; and impaired Plaintiffs' ability to properly perform their municipal functions.  See Compl., dkt. # 1; Pl. Civil RICO Statement, dkt. # 18.

## III    DISCUSSION

### a.  Sara Ulloa's Motion to Dismiss [dkt. # 7 & # 8]

Defendant Sara Ulloa moves to dismiss the claims against her on several grounds. Dkt. # 7 & # 8.[1] Plaintiffs oppose the motion. Dkt. # 30.

### 1. Lack of Subject Matter Jurisdiction

Sara Ulloa first argues that because the documents in this action, including the Complaint, were notarized, and because notaries are "licensed by the Secretary of State

---

[1]Although listed by the Clerk's Office as two separate motions, Dkt. # 8 appears to be merely the Notice of Motion corresponding with the Memorandum of Law in support of the motion, Dkt. # 7.

for the State of New York," this Court lacks subject matter jurisdiction over the action.  Dkt.

# 7.  This argument is without merit.  This Court has "original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Hence, the Court has subject matter jurisdiction over the claims asserted pursuant to the

federal civil RICO statute, 18 U.S.C. § 1964 (c).  See Int'l Gemmological Inst., Inc. v.

Rafaeil, 2005 U.S. Dist. LEXIS 19288, at *9 - *10 (S.D.N.Y.  Aug. 17, 2005).  Moreover,

the Court may exercise supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367.   Defendant's motion on this ground is denied.

Defendant Sara Ulloa next argues that the Court lacks subject matter jurisdiction

because the claims in this action relate to commercial liens which are governed by state

law.  The motion on this ground is denied.  Claims in this action sound in civil RICO

violations and, for the reasons discussed above, the Court has subject matter jurisdiction

over these claims.

## 2.  Lack of Personal Involvement

To the extent Defendant asserts that the claims against her must be dismissed

because she is not "part of" the subject commercial liens, the motion must be denied.

"[T]he bare minimum of a RICO charge is that a defendant personally committed or aided

and abetted the commission of two predicate acts." McLaughlin v. Anderson, 962 F.2d

187, 192 (2d Cir. 1992).  The Complaint alleges that Defendant Sara Ulloa took certain

actions "as part of a pattern of racketeering by a criminal enterprise and in furtherance of a

scheme to defraud plaintiffs." See Compl., ¶¶ 80- 88; 142.   In this regard, it is alleged that

Sara Ulloa personally committed or aided and abetted the commission of several

predicate mail or wire fraud acts underlying the asserted pattern of racketeering.  Compl.,

¶¶ 80- 88; 142; Civil RICO Stat., ¶¶ 5(b)(v)(1)-(7).

Moreover, the Complaint alleges a RICO conspiracy in which Defendant Sara Ulloa was allegedly a part. Compl.  ¶¶ 161-175.  A defendant may be liable for a RICO conspiracy where she "know[s] the general nature of the conspiracy" and takes action to further the goal of the conspiracy, even if "that the conspiracy extends beyond [her] individual role[ ]."  United States v. Zichettello, 208 F.3d 72, 99 (2d Cir. 2000).

Defendant's actual involvement in the criminal enterprise or the conspiracy cannot be adjudicated on a Rule 12 motion because the Court must accept the factual allegations of the pleadings as true at this stage of the proceedings.  See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010);[2] Allen v. New World Coffee, Inc.,  2002 WL 432685, at * 2 (S.D.N.Y. March 19, 2002).[3]  Therefore, the motion on this ground is denied.

### 3.  Lack of *In Personam* Jurisdiction over Plaintiffs

Next, Defendant Sara Ulloa argues that Court lacks *in personam* jurisdiction over the Plaintiffs because there is "no proof" that the municipal Plaintiffs have been properly authorized to bring suit.  Assuming Defendant has standing to raise this issue, the argument is without merit.  Plaintiff's counsel has attested that he has received proper resolutions and/or executive authorizations from each municipal Plaintiff authorizing the

---

[2]("A complaint may be dismissed to the extent that it 'fail[s] to state a claim upon which relief can be granted.' Fed. R. Civ. P. 12(b)(6). . . .  [On a Rule 12(b)(6) motion], we are constrained to 'accept[ ] all factual allegations as true, and draw[ ] all reasonable inferences in the plaintiff's favor.' ")(quoting Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009)).

[3]("On a motion to dismiss RICO claims, this Court must accept the factual allegations contained in the Amended Complaint and Amended RICO Statement as true and draw all reasonable inferences in favor of the non-movant.")

institution of the instant action. <u>See</u> Bailey Aff. ¶ 12. That representation is sufficient to commence the action.  Moreover, by instituting the action, the Plaintiffs have consented to the *in personam* jurisdiction of this Court.  To the extent Defendant argues that the County and/or Town governments have not acted properly in authorizing the institution of this action, that is issue to be addressed with the County and/or Towns but does not provide a basis for dismissal.

### 4.  Authorization of Plaintiffs' Attorney

Defendant Sara Ulloa next argues that the claims against her must be dismissed because there is no proof that the Plaintiffs authorized their attorney to act on their behalf. Again, assuming Defendant has standing to raise this issue, the argument is without merit. Plaintiffs' counsel has attested that he has received written consent from each individual Plaintiff authorizing him to act on their behalf, and has received the authorizations from the municipal plaintiffs referenced above. <u>Id.</u> That is sufficient to commence the instant action and is not a basis for dismissal.  The motion on this ground is denied.

### 5.  Standing

Defendant Sara Ulloa asserts that Plaintiffs lack standing to bring the instant action because she has "not violated any of the rights of any of the Plaintiff's [*sic*]" and because she is "licensed by the State of New York" to act as a notary public.  Def. Mot., dkt. # 7. The argument does not compel dismissal.  Whether Defendant Sara Ulloa violated any of the rights of the Plaintiffs remains to be determined.  Based on the allegation that she did violate such rights, the action is not susceptible to Rule 12 dismissal.  Furthermore, the fact that Defendant may be licensed by the State of New York to perform a function does

not grant her immunity from suit if, in the course of that function, she violates the rights of another.  The motion on this ground is, therefore, denied.

### b.  Richard Enrique Ulloa's Motion to Dismiss [dkt. # 12]

Defendant Richard Enrique Ulloa moves to dimsiss the action, raising many of the same issues as asserted in Sara Ulloa's motion to dismiss.  See dkt. # 12.  Plaintiffs have opposed the motion.  See dkt. # 30.

### 1.  Subject Matter Jurisdiction

To the extent Defendant Richard Enrique Ulloa challenges the subject matter jurisdiction of the Court because the claims in this action relate to commercial liens which are governed by state law or because he "issued" the liens under the "International Commercial Code," the motion is denied.  As indicated above with regard to a similar jurisdictional challenge by Defendant Sara Ulloa, the claims in this action sound in civil RICO violations over which the Court has subject matter jurisdiction.

### 2.  Authorization of Plaintiffs' Attorney

Defendant Richard Enrique Ulloa also challenges the standing of Plaintiffs' counsel to institute this action on behalf of the Plaintiffs.  For the reasons discussed above in relation to the same arguments made by Defendant Sara Ulloa, Defendant's challenge to the authority of Plaintiffs' counsel to act on behalf of each Plaintiff and commence this action does not provide a basis for dismissal.  Furthermore, Plaintiffs' counsel has properly entered an appearance in this matter by signing and filing the Complaint.  Accordingly, the motion on this ground is denied.

### 3.  Authority to Bring Suit

To the extent that Defendant asserts that each Plaintiff lacked the authority to bring

the instant action, the motion is denied for the reasons discussed above.

### 4.  Constitutional Standing

To the extent Defendant Richard Enrique Ulloa challenges the constitutional

standing of Plaintiffs to bring this action, the motion is denied.

> The RICO statute grants standing to "[a]ny person injured in his business or
> property by reason of a violation of section 1962 ...." 18 U.S.C. § 1964(c). To
> demonstrate standing, a plaintiff must plead, at a minimum, "(1) the
> defendant's violation of § 1962, (2) an injury to the plaintiff's business or
> property, and (3) causation of the injury by the defendant's violation."

Lerner v. Fleet Bank, N.A., 318 F.3d 113, 120 (2d Cir. 2003)(quoting Commercial Cleaning

Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 380 (2d Cir. 2001)). The allegations

in the Complaint and in the Civil RICO statement satisfy each of these requirements.

First, the Complaint and the Civil RICO Statement adequately plead a substantive

civil RICO violation.  A civil RICO violation consists of the following elements: "(1) conduct

(2) of an enterprise (3) through a pattern (4) of racketeering activity." DeFalco v. Bernas,

244 F.3d 286, 306 (2d Cir. 2001)(citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496,

105 S. Ct. 3275 (1985)).

The pleadings allege that the Defendants associated for the common purpose of

engaging in the fraudulent scheme to deprive Plaintiffs of their property and to cause

financial loss, harm and hardship to each Plaintiff, thus satisfying the enterprise element.

See First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 174 (2d Cir. 2004).[4]
Each Defendant's acts in furtherance of the enterprise are alleged in the pleadings, and
each Defendant is alleged to have committed two or more predicate acts in furtherance of
the enterprise.  The enterprise is alleged at have existed from at least June 4, 2009 until
April of 2010, a period of time sufficient "to permit the[] associates to pursue the
enterprise's purpose." Boyle v. United States, --- U.S. ----, 129 S. Ct. 2237, 2244, 173 L.
Ed.2d 1265 (2009).

      "Racketeering activity" is defined to include mail fraud, 18 U.S.C. § 1341, and wire
fraud, 18 U.S.C. § 1343.  See 18 U.S.C. § 1961(1)(B).  The Complaint and Civil RICO
Statement adequately plead the commission of several predicate acts of mail fraud and/or
wire fraud committed by the Defendants, including 31 purported acts of mail fraud by
Richard Enrique Ulloa. See Civl RICO Stat., ¶¶ 5(b)(i)(1)-(31).  The allegations of fraud in
the Complaint and Civil RICO Statement satisfy Rule 9(b)'s requirements, see Fed. R. Civ.
P. 9(b);[5] Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175-76 (2d Cir. 1993);[6] Fresh
Meadow Food Services, LLC v. RB 175 Corp., 282 Fed. Appx. 94, 97 (2d Cir.2008),[7] and
state viable mail and wire fraud as the predicate acts.  On this last issue, the Complaint

---

    [4] ("For an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.") (citation and internal quotation marks omitted)

    [5]Rule 9(b) provides: "In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . .  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

    [6](In order to meet Rule 9(b)'s burden, the complaint must: (1) specify the statements that plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.)

    [7] (To successfully plead a RICO claim, the circumstances constituting the alleged fraud must be pled with particularity.")

and Civil RICO Statement adequately allege  (1) the existence of a scheme to defraud; (2) each  defendant's knowing or intentional participation in the scheme; and (3) the use of interstate mails or transmission facilities in furtherance of the scheme.  S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp., 84 F.3d 629, 633 (2d Cir.1996).  Further, the mail and wire fraud predicate crimes satisfy the interstate commerce element for a civil RICO claim.  See Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983);[8]  Civil RICO Stat., ¶ 10.[9]  The alleged predicate acts are sufficiently similar, numerous, and temporally related  to demonstrate a pattern of racketeering activity that poses a threat of continued criminal activity.  See De Falco, 244 F.3d at 321.[10]

Second, Plaintiffs have alleged an injury to property or business sufficient, at this stage of the proceedings, to satisfy the second RICO standing requirement.  See Compl. ¶ 145; Civil RICO Stat., ¶ 15.

The third requirement of RICO standing is satisfied if Defendants' injurious conduct is both the factual and the proximate cause of the injury alleged.  Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992).  Plaintiffs allege that their injuries were caused by the Defendants' conduct in filing false liens and judgments.  Assuming the truth of the

---

[8](A complaint must show "the existence of [the] seven constituent elements [of a civil RICO claim]: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce.")

[9]("The activities of the enterprise effect interstate commerce by burdening credit and property transactions between interstate parties, involve UCC filings made in various states and effect plaintiffs' credit scores as determined with various Country-wide reporting agencies.")

[10]("To establish a pattern, a plaintiff must also make a showing that the predicate acts of racketeering activity by a defendant are 'related, and that they amount to or pose a threat of continued criminal activity.'")(quoting H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989))

allegations in the pleadings, the third requirement for RICO standing is satisfied in this case. See Sykes v. Mel Harris and Associates, LLC,  --- F. Supp.2d ----, 2010 WL 5395712, at * 9 (S.D.N.Y. Dec. 29, 2010).[11]

In addition to the three RICO standing requirements, a party must also demonstrate that it is "likely" and not "merely'speculative" that the plaintiff's injury will be remedied by the relief the party seeks in bringing suit. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).  Referred to as the "redressability" requirement of constitutional standing, the inquiry "focuses . . . on whether the injury that a plaintiff alleges is likely to be redressed through the litigation." Sprint Communications Co., L. P.  v.  Apcc Services, Inc., 554 U.S. 269, 128 S. Ct. 2531, 2542, 171 L. Ed.2d 424 (2008).  Put another way, to satisfy the redressability requirement of constitutional standing, a plaintiff must show a "substantial likelihood that the requested relief will remedy the alleged injury in fact." Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 771, 120 S. Ct. 1858, 146 L. Ed.2d 836 (2000)(internal quotation marks and citation omitted).

Plaintiffs have alleged violations of § 1962 and detailed the injuries caused thereby including, but not limited to, the expenditure of funds due to the actions of defendants, negative impacts on their credit reports or histories, the restraint in the alienability of their real property caused by Defendants' actions, and the impairment of Plaintiffs' ability to properly perform their municipal functions.  Accepting for purposes of this motion that the

---

[11](Finding RICO standing where "defendants' pursuit of default judgments and attempts to enforce them against plaintiffs proximately caused [plaintiffs] injuries, see Baisch v. Gallina, 346 F.3d 366, 373-74 (2d Cir. 2003), which include the freezing of personal bank accounts and incurring of legal costs to challenge those default judgments.")

allegations in the Complaint are true, Plaintiffs' injuries caused by Defendants' conduct are likely to be redressed through the compensatory and injunctive relief Plaintiffs seek in this case.[12] See Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009);[13] Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C., 2009 U.S. Dist. Lexis 91291 (E.D.N.Y. 2009).   Moreover, the treble and punitive damages Plaintiffs seek are likely to prevent future similar damage by Defendants' purported pattern of criminal racketeering activity.

Accordingly, Plaintiffs have demonstrated proper standing to bring the civil RICO claims asserted in this matter.  The motion to dismiss for lack of standing is denied.

### c.  Ed-George Parenteau's Motion to Dismiss [dkt.# 49]

Defendant Ed-George Parenteau brings a motion to dismiss raising several issues.  See dkt. # 49.  Plaintiffs have opposed the motion.  See dkt. # 51. Inasmuch as Parenteau is *pro se*, the Court will construe his papers liberally in an attempt to discern what legal arguments are presented in the motion.

### 1.  Contract Clause

Defendant Parenteau moves to dismiss Plaintiffs' claims against him, seemingly asserting that the Contracts Clause of the United States Constitution bars the instant

---

[12]The remedies Plaintiffs seek in this case include compensatory damages; treble damages pursuant to 18 U.S.C. § I964(c); "an order declaring all liens, UCC statements and any other such similar item filed by defendants null and void and further directing that any lien, UCC statements or other such similar item be vacated and removed from the public record;" "an order restraining defendants from filing any liens, UCC Statements, lawsuits or any other such similar documents without prior court approval;" punitive damages; attorneys' fees pursuant to 18 U.S.C. § 1964(c); and costs and fees associated with this action.

[13]("To seek injunctive relief, a plaintiff must show that [s]he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.")(citing Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180-181, 120 S. Ct. 693, 145 L. Ed.2d 610 (2000)).

action.  The argument is without merit.

> The Contracts Clause prohibits States from passing any "Law impairing the
> Obligation of Contracts."  U.S. Const., art. I, § 10, cl. 1. Similar to due
> process claims, analysis of a Contracts Clause claim begins with a
> determination of "whether the state law has, in fact, operated as a
> substantial impairment of a contractual relationship." See Energy Reserves
> Group v. Kansas Power & Light, 459 U.S. 400, 411, 103 S. Ct. 697, 74
> L.Ed.2d 569 (1983) (citation omitted).  However, where no contractual
> agreement regarding the terms changed by the legislation exists, there is no
> need to consider whether there was in fact an impairment and if so, whether
> such impairment was substantial. See General Motors Corp. v. Romein, 503
> U.S. 181, 186, 112 S. Ct. 1105, 117 L.Ed.2d 328 (1992).

New York 10-13 Ass'n v. City of New York, 1999 WL 177442, at * 14 (S.D.N.Y. March 30,

1999).

Here, Defendant Parenteau has not pointed to any legislation or any state action by

any of the municipal Plaintiffs that potentially impairs his ability to enter contracts.

Moreover, there is no meritorious allegation that a valid contract existed between Plaintiffs

and Parenteau.  Parenteau seemingly contends that the contracts consisted of several

documents he (or someone on his behalf) mailed to Plaintiffs stating that Plaintiffs had

damaged Parenteau and owed him large sums of money.  In this regard, Parenteau

seems to assert that a "Demand for Payment," a "Second Notice of Fault and Demand for

Payment" and a "Final Demand for Payment" sent to Plaintiffs Town of Lloyd, Rizzo,

Blume, and Maltuscello were self-executing contracts.  However, Plaintiffs counter that

they did not agree to enter any contract with Parenteau and point out that there is no

evidence of any acceptance of Parenteau's "terms" by Plaintiffs.  They argue, therefore,

no valid contract existed.

Without mutual assent, there can be no valid contract.  See Edelman v. Poster, 72

A.D.3d 182, 184 (I st Dep't  20I 0) ("under New York law, an enforceable contract requires

mutual assent to its essential terms and conditions").  Without a contract, the Contract Clause has no application and does not provide a basis to dismiss the instant action. Therefore, this portion of the motion is denied.

### 2.  Lack of Proof of Defendant's Conduct

Defendant moves to dismiss the action because he "has not seen [or] been presented with any facts" that establish that he committed the acts he is charged in the Complaint with committing.  The argument is without merit.   On a Rule 12(b)(6) motion seeking dismissal for failure to state a claim upon which relief can be granted, the Court assumes the truth of the factual allegations in the Complaint.  See DiFolco, 622 F.3d at 110-11.  The motion will be denied if the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).

Here, assuming the veracity of the factual allegations of Defendant Parenteau's conduct, Plaintiffs have set forth plausible civil RICO claims against him.  Therefore, the motion on this ground is denied.

### 3.  Lack of Subject Matter Jurisdiction/Counsel's Lack of Authority to Act/Plaintiffs' Lack of Authority to Institute Action

Those portions of Defendant Parenteau's motion seeking to dismiss the claims against him for lack of subject matter jurisdiction; for counsel's lack of authority to act on behalf of each Plaintiff; and for each Plaintiffs' lack of authority to institute this action are denied for the reasons set forth above.

## IV.   CONCLUSION

For the reasons set forth above, Defendant Sara Ulloa's Motions to Dismiss [dkt. # 7 & # 8] are **DENIED**; Defendant Richard Enrique Ulloa's Motion to Dismiss [dkt. # 12] is **DENIED**; Defendant Ed-George Parenteau's Motion to Dismiss [dkt.# 49] is **DENIED**.

**IT IS SO ORDERED**

DATED:March 1, 2011

Thomas J. McAvoy
Senior, U.S. District Judge

14